Julian Hammond (SBN 268489)
jhammond@hammondlawpc.com
Polina Brandler (SBN 269086)
Polina Brandler@hammondlawpc.com
Ari Cherniak (SBN 290071)
acherniak@hammondlawpc.com
HAMMONDLAW, PC
1829 Reisterstown Rd., Suite 410
Baltimore, MD 21208
Tel:  (310) 601-6766
Fax:  (310) 295-2385

Attorneys for Plaintiff and the Putative Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA TOIYA MORRISON, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br>vs.<br><br>AMERICAN NATIONAL RED CROSS, a Congressional Charter Corporation,<br><br>　　　　Defendant. | Case No.: 4:19-cv-02855-HSG<br><br>**CLASS AND REPRESENTATIVE ACTION**<br><br>**FIRST AMENDED COMPLAINT FOR:<br>(1) FAILURE TO REIMBURSE BUSINESS EXPENSES (LABOR CODE § 2802);<br>(2) UCL VIOLATIONS (BUS. & PROF. CODE §§ 17200-17204); AND<br>(3) CIVIL PENALTIES PURSUANT TO PRIVATE ATTORNEY GENERAL ACT (LABOR CODE §§ 2698, ET SEQ.)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff La Toiya Morrison ("Plaintiff"), on behalf of herself and all others similarly situated (hereinafter "Class Members"), complains and alleges as follows:

**OVERVIEW OF CLAIMS**

1. This is a class action, under Federal Rules of Civil Procedure, Rule 23, seeking reimbursement for cell phone business expenses, interest thereon; other equitable relief; and reasonable attorneys' fees and costs, under California Labor Code § 2802, and Business and Professions Code § 17200, *et seq.*, on behalf of Plaintiff and all other individuals who are or have been employed as Instructors or in a similar capacity (hereinafter "Instructors") by Defendant The American National Red Cross, and/or its subsidiaries, chapters, or affiliated companies (hereinafter "Red Cross" or "Defendant") in California during the four years prior to the filing of this action. Plaintiff and Class Members paid cell phone expenses incurred by them in the course of their work for Defendant as Instructors, for which they have not received reimbursement from Defendant. Plaintiff, on behalf of herself and Class Members, also seeks restitution of all unjust enrichment Defendant has obtained from its failure to reimburse cell phone related business expenses incurred by Plaintiff and Class Members.

2. The "Class Period" is designated as the period from four years prior to the filing of this action through the trial date. Defendant's violations of California's wage and hour laws and unfair competition laws, as described more fully below, have been ongoing for at least the past four years, are continuing at present.

3. Plaintiff and more than 100 similarly situated Instructors provide health and safety, CPR, First Aid, and AED instruction on behalf of Defendant. They are, and throughout the Class Period have been, employed by Defendant. Instructors' duties are performed mostly in the field, in a geographical territory assigned to them by the Red Cross. The Red Cross requires and/or expects Instructors to communicate regularly with the Red Cross and Red Cross clients, including to confirm classes and discuss a client's needs for a particular class. Plaintiff and similarly situated Instructors are not provided cell phones by Defendant and are therefore required and/or expected to use their personal cell phones to carry out Defendant's business, including, without limitation communication with Defendant and Defendant's clients.

4. Defendant did not and does not reimburse its Instructors for their cell phone related

expenses necessarily incurred in their discharge of their duties.

5. Defendant has willfully failed and refused to reimburse Plaintiff and other current and former Instructors fully, or at all, for cell phone business expenses that they incurred in the regular course of their duties as Defendant's employees, as required by Labor Code § 2802.

6. Defendant's failure to reimburse Class Members for their cell phone expenses in violation of Labor Code § 2802 also constituted an unfair business practice within the meaning of Business and Professions Code § 17200 *et seq*.

7. Plaintiff, as an aggrieved employee, also brings this action as a representative action under the Labor Code Private Attorneys General Act ("PAGA"), Labor Code §§ 2698, et seq., on behalf of herself and Class Members employed by Defendant from April 17, 2018 through to the present ("Aggrieved Employees") for the Labor Code §2802 violation alleged herein.

## JURISDICTION

8. This Court has jurisdiction over the Plaintiff's claims for reimbursement of business expenses under Labor Code § 2802.

9. This Court has jurisdiction over the claims for injunctive relief and restitution arising from Defendant's unlawful business practices, under California's Unfair Competition Law ("UCL"), Business & Professions Code §§ 17203 and 17204.

10. This Court has jurisdiction over Plaintiff's claims for PAGA penalties under Labor Code § 2699. On April 17, 2019 Plaintiff provided PAGA Notice pursuant to Labor Code § 2699.3 to the Labor California Labor & Workforce Development Agency ("LWDA") and Defendant. The LWDA has provided no notice to Plaintiff within the period specified in Labor Code § 2699.3 regarding its intentions to investigate or not to investigate Plaintiff's claims. Plaintiff has therefore fully complied with the PAGA procedural requirements and may commence this representative action pursuant to Labor Code § 2699.

## VENUE

11. Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1441 and 1446.

**PARTIES**

12. Plaintiff La Toiya Morrison resides in Studio City, California. Plaintiff was employed by Defendant from approximately April 2018 through March 2019, and worked as an Instructor out of Defendant's Los Angeles, California, regional headquarters office. During that time Plaintiff Morrison was subject to Defendant's unlawful business expense reimbursement policies and/or practices set forth herein, and incurred unreimbursed business expenses in the course of carrying out her job duties.

13. Defendant American National Red Cross is a Congressional Charter corporation with its principal place of business in Washington, DC. The policies and practices complained of herein were formulated, implemented, and maintained, in whole or in substantial part, at that address.

14. All of Plaintiff's claims stated herein are asserted against Defendant and any of its predecessors, successors, and/or assigns that do, or have done, business, and that employ, or have employed, Class Members in California during the Class Period.

**FACTUAL BACKGROUND**

15. Defendant operates and, at all times during the Class Period, has done business throughout California. Defendant, in the course of operating its business in California during the Class Period, employs or has employed Plaintiff and Class Members as Instructors.

16. Since at least four years prior to the filing of this action, Defendant has maintained policies and/or practices that denied lawful reimbursement of cell phone related business expense to the Instructors.

17. Defendant's expense-related policies and/or practices require, and/or with Defendant's knowledge thereof permit, Instructors to use their personal cell phones and pay for cell phone related business expenses incurred in direct consequence of discharging their instructor duties on behalf of Defendant, without reimbursement by Defendant for such expenses.

18. Defendant is aware or should have been aware that Instructors regularly incur cell phone related business expenses in the discharge of their duties, as employees, in excess of any other reimbursements that may be provided to Instructors. Defendant requires or expects the named Plaintiff and similarly situated Instructors to use their own personal cellular phones for work-related purposes.

19. During the Class Period, Instructors provide training courses in, among others, health

and safety, CPR, First Aid, and AED on behalf of Defendant. In order to prepare for and conduct these training courses, Defendant requires and expects Instructors to communicate regularly with Defendant and Defendant's clients regarding scheduling, needs of particular clients, and more. Defendant, however, does not provided Instructors with cell phones and they therefore must use their personal cellular phones to communicate with Defendant and Defendant's clients.

20. The policies and/or practices require, and/or with Defendant's knowledge thereof permit, Plaintiff and Class Members to pay for cell phone related expenses incurred in direct consequence of discharging their duties on behalf of Defendant, without reimbursement by Defendant for such expenses.

21. Defendant has maintained its policies and/or practices of denying reimbursement of Plaintiff's and Class Members' necessarily incurred cell phone related business expenses, or substantially similar policies and/or practices, throughout California and throughout the Class Period.

22. Defendant is aware that Plaintiff and Class Members regularly incur cell phone related business expenses in the discharge of their duties, as employees, in excess of any reimbursements that may be provided to them. Defendant nevertheless has, throughout the Class Period, failed and refused to reimburse Plaintiff and Class Members for such cell phone related business expenses incurred by them in their work as they communicate with Defendant or Defendant's clients and prospective clients at locations throughout their assigned territories.

23. Plaintiff and Class Members have been harmed by Defendant's unlawful business expense policies and/or practices in that they have not been paid for cell phone related business expenses incurred while employed by Defendant, thereby diminishing their agreed-upon compensation, in substantial amounts to be proved at trial.

**CLASS ACTION ALLEGATIONS**

24. Plaintiff brings this action, on behalf of herself and all others similarly situated, as a class action pursuant to Federal Rules of Civil Procedure, Rule 23. The Class that Plaintiff seeks to represent is composed of and defined as all persons who have been employed by Defendant in California as Instructors and/or in a similar job capacity (collectively "Instructors" or "Class Members") at any time from four years prior to the filing of this Complaint through the

commencement of trial. All such Class Members were subject to Defendant's policies and/or practices of failing to reimburse employees' cell phone related business expenses.

25. This action has been brought and may properly be maintained as a class action under Federal Rules of Civil Procedure, Rule 23, because there is a well-defined community of interest in the litigation, the proposed class is easily ascertainable, and Plaintiff is a proper representative of the Class:

    a. <u>Numerosity</u>: The potential members of the Class as defined are so numerous and so diversely located throughout California, that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that Defendant has at all times during the Class Period employed more than 100 Instructors in California subject to Defendant's cell phone related business expense reimbursement policies and/or practices. The Class Members are dispersed throughout California. Joinder of all members of the proposed class is therefore not practicable.

    b. <u>Commonality</u>: There are questions of law and fact common to the Plaintiff and the Class that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, without limitation:

        i. Whether Plaintiff and Class Members incurred unreimbursed cell phone related business expenses in the discharge of their duties as employees.

        ii. Whether Defendant intended, suffered and/or permitted, and/or was aware that Plaintiff and Class Members incurred such unreimbursed cell phone related business expenses in the discharge of their duties as employees.

        iii. Whether Defendant failed and/or refused to reimburse cell phone related business expenses incurred by Plaintiff and Class Members in the discharge of their duties.

        iv. Whether Defendant's failure to reimburse cell phone related business expenses incurred by Plaintiff and Class Members, fully or at all, was the result of, and/or pursuant to, a business policy or regular practice of Defendant.

        v. Whether Defendant violated Labor Code § 2802 by denying Plaintiff and other Class Members reimbursement for their cell phone related business expenses.

vi. Whether Plaintiff is entitled to restitution under Business and Professions Code § 17200 of unreimbursed cell phone related business expenses incurred by Plaintiff and Class Members.

vii. The proper formula(s) for calculating damages, interest, and restitution owed to Plaintiff and the Class Members.

c. <u>Typicality</u>: Plaintiff's claims are typical of the claims of the Class. Both Plaintiff and Class Members sustained injuries and damages, and were deprived of property rightly belonging to them, arising out of and caused by Defendant's common course of conduct in violation of law as alleged herein, in similar ways and for the same types of expenses.

d. <u>Adequacy of Representation</u>: Plaintiff is a member of the Class and will fairly and adequately represent and protect the interests of the Class Members. Plaintiff's interests do not conflict with those of Class Members. Counsel who represents Plaintiff is competent and experienced in litigating large wage and hour class actions, including business expense reimbursement cases, and other employment class actions, and will devote sufficient time and resources to the case and otherwise adequately represent the Class.

e. <u>Superiority of Class Action</u>: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each Class Member has been damaged or may be damaged in the future by reason of Defendant's unlawful policies and/or practices of not reimbursing cell phone related business expenses. Certification of this case as a class action will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Certifying this case as a class action is superior because it allows for efficient and full disgorgement of the ill-gotten gains Defendant has enjoyed by maintaining its unlawful business expense reimbursement policy and/or practice, and will thereby effectuate California's strong public policy of protecting employees from deprivation or offsetting of compensation earned in their employment. If this action is not certified as a Class Action, it will be impossible as a practical matter for many or most Class Members to bring individual actions to recover monies unlawfully withheld

from their lawful compensation due from Defendant, due to the relatively small amounts of such individual recoveries relative to the costs and burdens of litigation.

# FIRST CAUSE OF ACTION
**Failure to Reimburse for Business Expenses**
**(Labor Code § 2802)**

26. The allegations of Paragraphs 1 through 25 are realleged and incorporated herein by reference, and Plaintiff alleges this cause of action on behalf of herself and the Class.

27. Labor Code § 2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties."

28. In order to discharge their job duties for Defendant, Plaintiff and similarly situated Instructors were required and/or expected by Defendant to use their own personal cell phones for business communications. However, Defendant did not provide them with company cell phone and did not pay them for expenses incurred as a result of Plaintiff's and Class Members' use of their personal cell phones for work.

29. Defendant's failure to pay for or reimburse the work-related cell phone expenses of Plaintiff and other Class Members violated non-waivable rights secured to them by Labor Code § 2802. Plaintiff and Class Members are entitled to reimbursement for these necessary expenditures, plus interest, under Labor Code § 2802.

30. As a result of Defendant's violations of Labor Code § 2802, Defendant is also liable for attorneys' fees and costs under Labor Code § 2802(c).

31. Plaintiff, on behalf of herself and Class Members, request relief as described below.

# SECOND CAUSE OF ACTION
**Unfair Competition Law Violation**
**(Bus. & Prof. Code §§ 17200 et seq.)**

32. The allegations of Paragraphs 1 through 31 are realleged and incorporated herein by reference, and Plaintiff alleges this cause of action on behalf of herself and the Class.

33. Business & Professions Code §§ 17200, *et seq.* prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business act or practice. Business & Professions Code § 17204

allows "any person who has suffered injury in fact and has lost money or property" to prosecute a civil action for violation of the UCL. Such a person may bring such an action on behalf of himself and others similarly situated who are affected by the unlawful, unfair, or fraudulent business practice.

34. Beginning at an exact date unknown to Plaintiff, but at least four years prior to the filing of this action, and continuing to the present, Defendant has committed unlawful, unfair, and/or fraudulent business acts and practices as defined by the UCL, by failing to reimburse and indemnify Plaintiff and similarly situated Instructors for their employment-related cell phone expenses and losses, in violation of Labor Code § 2802.

35. In order to discharge their duties for Defendant, Plaintiff and similarly situated Instructors were required and/or expected by Defendant to incur and pay, and did in fact incur and pay, cell phone related business expenses in the course and scope of their employment, as alleged above. Plaintiff and other Instructors were not reimbursed by Defendant for such expenses.

36. As a direct and proximate result of Defendant's unlawful, unfair, and/or fraudulent acts and practices described herein, Defendant has received and continues to hold unlawfully obtained property and money belonging to Plaintiff and Class Members in the form of unreimbursed cell phone related business expenses that reduced or offset compensation earned by Plaintiff and Class Members. As a direct and proximate result of Defendant's unlawful business practices, Plaintiff and Class Members have suffered economic injuries including, but not limited to out-of-pocket business expenses and resulting reductions or offsets to earned compensation. Defendant has profited from its unlawful, unfair, and/or fraudulent acts and practices in the amount of those business expenses and interest accrued thereon.

37. Plaintiff and similarly situated Instructors are entitled to restitution pursuant to Business & Professions Code §§ 17203 and 17208 for all unpaid business expenses, and interest thereon, from four years prior to the filing of this action to the date of such restitution, at rates specified by law. Defendant should be required to disgorge all the profits and gains it has reaped and restore such profits and gains to Plaintiff and Class Members, from whom they were unlawfully taken.

38. Plaintiff and similarly situated Instructors are entitled to enforce all applicable penalty provisions of the Labor Code pursuant to Business & Professions Code § 17202.

39. Plaintiff has assumed the responsibility of enforcement of the laws and public policies specified herein by suing on behalf of herself and other similarly situated members of the public previously and presently employed by Defendant in California. Plaintiff's success in this action will enforce important rights affecting the public interest. Plaintiff will incur a financial burden in pursuing this action in the public interest. Therefore, an award of reasonable attorneys' fees to Plaintiff is appropriate pursuant to Code of Civil Procedure § 1021.5.

40. Plaintiff, on behalf of herself and the Class, requests relief as described below.

### THIRD CAUSE OF ACTION
### Civil Penalties
### (Labor Code §§ 2698 et seq.)
### As to Plaintiff and Aggrieved Employees

41. The allegations of Paragraphs 1 through 40 are realleged and incorporated herein by reference, and Plaintiff alleges this cause of action on behalf of herself and the Class.

42. Plaintiff is an "Aggrieved Employee" under PAGA as she was employed by Defendant during the applicable statutory period and suffered one or more of the Labor Code violations alleged herein. As such, Plaintiff seeks to recover, on behalf of herself and all Aggrieved Employees of Defendant, civil penalties provided by PAGA, plus reasonable attorneys' fees and costs.

43. During the PAGA period, Defendant failed to pay for or reimburse the work-related cell phone expenses of Plaintiff and Aggrieved Employees in violation of Labor Code § 2802.

44. Under Labor Code § 2699(f)(2), Plaintiff and Aggrieved Employees are entitled to a PAGA penalty equal to one hundred dollars ($100) per pay period per Aggrieved Employee for each initial violation of Labor Code § 2802, and two hundred dollars ($200) per pay period for each subsequent violation.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff request the following relief:

A. That the Court determine that this action may be maintained as a class action under Federal Rules of Civil Procedure, Rule 23, and define the Class as requested herein;

B. That the Court find and declare that Defendant's business expense policies and/or practices violate California law, including Labor Code § 2802, by failing to reimburse cell phone related business expenses incurred by Plaintiff and other Class Members in the discharge of their duties as employees of Defendant;

C. That the Court find and declare that Defendant has violated the UCL and committed unfair and unlawful business practices by failing to reimburse Plaintiff and Class Members for business expenses incurred by them in the course of their duties for the benefit of Defendant, their employer;

D. That the Court declare that Defendant's business expense policies and/or practices violate California law by causing a denial or forfeiture of compensation including earned wages;

E. That the Court award to Plaintiff and Class Members all unreimbursed cell phone related business expenses, and interest thereon, that they are owed, pursuant to Labor Code § 2802, in an amount to be proved at trial;

F. That Defendant be ordered to pay restitution to Plaintiff and the Class due to Defendant's UCL violations, pursuant to Business and Professions Code §§ 17200-17205, in the amount of their unreimbursed business expenses and interest thereon;

G. That the Court award Plaintiff and Aggrieved Employees civil penalties pursuant to PAGA;

H. That Plaintiff and the Class be awarded reasonable attorneys' fees and costs pursuant to Labor Code § 2802(c) and Code of Civil Procedure § 1021.5, and/or other applicable law;

I. That the Court award such other and further relief as this Court may deem appropriate.

///

**DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of herself and the Class Members hereby demands a jury trial on all causes of action and claims with respect to which she has a right to jury trial.

Dated: July 8, 2019  Respectfully submitted,

HAMMONDLAW, P.C.

  s/ Julian Hammond
Julian Hammond

Attorney for Plaintiff and the Putative Class