HAMMONDLAW, P.C.
JULIAN HAMMOND (SBN 268489)
jhammond@hammondlawpc.com
POLINA PECHERSKAYA (SBN 269086)
ppecherskaya@hammondlawpc.com
ARI CHERNIAK (SBN 290071)
acherniak@hammondlawpc.com
1829 Reisterstown Rd. Suite 410
Baltimore, MD 21208
(310) 601-6766
(310) 295-2385 (Fax)

Attorneys for Plaintiffs and the Putative Classes

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA TOIYA MORRISON, individually and on behalf of all others similarly situated,<br><br>             Plaintiff,<br><br>vs.<br><br>AMERICAN NATIONAL RED CROSS, a Congressional Charter Corporation,<br><br><br>             Defendant | Case No.:  4:19-cv-02855-HSG<br><br>**JOINT STIPULATION TO FILE SECOND AMENDED COMPLAINT; [PROPOSED] ORDER** |

IT IS HEREBY STIPULATED by and between LA TOIYA MORRISON ("Plaintiff") and AMERICAN NATIONAL RED CROSS ("Defendant") as follows:

1.      The parties have reached a class-wide settlement in this matter.

2.      As part of the settlement, Defendant has agreed to enter into a joint stipulation seeking approval from the Court for Plaintiff to file a Second Amended Complaint, which among other things, add the following additional claims:

    a.   failure to pay at least minimum wage for all hours worked in violation of Labor Code § 1194, 1197, 1198, 510, IWC Wage Order, § 3 and 4 and corresponding California Code of Regulations;

    b.   failure to permit and authorize paid off-duty rest breaks and pay premium pay for missed rest breaks in violation of Labor Code § 226.7, IWC Wage Order, §12 and corresponding California Code of Regulations;

    c.   failure to provide off-duty meal breaks and pay premium pay for missed meal breaks in violation of Labor Code §§ 226.7, 512 and IWC Wage Order, § 11 and corresponding California Code of Regulations;

    d.   failure to issue accurate itemized wage statements and maintain payroll records in violation of Labor Code § 226, 1174, 1174.5, IWC Wage Order § 7 and corresponding California Code of Regulations;

    e.   failure to pay waiting time penalties in violation of Labor Code § 201-203; and

    f.   amending the PAGA cause of action and UCL Competition Law Violation claims to include these Labor Code claims.

3.      Subject to the Court's approval, Plaintiff may file the Second Amended Complaint attached hereto as **Exhibit 1**.

4.      Subject to the Court's approval, Defendant will not be required to file a responsive pleading to the Second Amended Complaint at this time.

5.      If the Court does not approve the Parties' request for approval of a stipulated class settlement or if the settlement is nullified, the Second Amended Complaint will be dismissed and the First Amended Complaint will be the operative Complaint.

6.      Defendant does not impliedly or expressly concede any of the legal or factual statements

in the Second Amended Complaint, nor does it waive any arguments or defenses to the Second

Amended Complaint.  Defendant disagrees with the legal and factual assertions contained in the

Second Amended Complaint.  Defendant has only provided its agreement to permit Plaintiff to file the

Second Amended Complaint in order to facilitate the settlement of this action

IT IS SO STIPULATED.


Dated: June 2, 2020                              Respectfully submitted,

                                                 HammondLaw, P.C.


                                                 _____s/ Julian Hammond_____
                                                 Julian Hammond
                                                 Attorneys for Plaintiff


Dated: June 2, 2020                              Littler Mendelson


                                                 _/s/ Lisa Lin Garcia_____
                                                 Lisa Lin Garcia
                                                 Attorneys for Defendant

1

## [PROPOSED] ORDER

Based on the parties' stipulation above, Plaintiff may file the Second Amended Complaint attached hereto as Exhibit "1."  Defendant will not be required to file a responsive pleading to the Second Amended Complaint at this time.  If however, the Parties' settlement is not approved by this Court or if the settlement is nullified, the Second Amended Complaint shall be dismissed and the First Amended Complaint shall be the operative Complaint.

DATED: _____6/3/2020_____

HON. HAYWOOD GILLIAM, JR.

4851-8698-0542.2

3

**EXHIBIT 1**

Julian Hammond (SBN 268489)
jhammond@hammondlawpc.com
Polina Brandler (SBN 269086)
Polina Brandler@hammondlawpc.com
Ari Cherniak (SBN 290071)
acherniak@hammondlawpc.com
HAMMONDLAW, PC
1829 Reisterstown Rd., Suite 410
Baltimore, MD 21208
Tel:  (310) 601-6766
Fax:  (310) 295-2385

Attorneys for Plaintiff and the Putative Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA TOIYA MORRISON, individually and on behalf of all others similarly situated, | Case No.: 4:19-cv-02855-HSG |
| Plaintiff, | **CLASS AND REPRESENTATIVE ACTION** |
| vs. | **SECOND AMENDED COMPLAINT FOR:** |
| AMERICAN NATIONAL RED CROSS, a Congressional Charter Corporation, | **1. FAILURE TO REIMBURSE BUSINESS EXPENSES (LABOR CODE § 2802);** |
| Defendant. | **2. FAILURE TO AUTHORIZE AND PERMIT PAID REST BREAKS (LABOR CODE § 226.7; IWC WAGE ORDER § 12);** |
| | **3. FAILURE TO PROVIDE OFF-DUTY MEAL BREAK AND PAY PREMIUM PAY (LABOR CODE §§ 226.7 AND 512; IWC WAGE ORDER § 11);** |
| | **4. FAILURE TO PAY ALL WAGES OWED (LABOR CODE §§ 510, 1194, 1197, 1198, IWC WAGE ORDER §§ 3-4);** |
| | **5. FAILURE TO ISSUE ACCURATE ITEMIZED WAGE STATEMENTS AND MAINTAIN PAYROLL RECORDS (CAL. LABOR CODE §§ 226, 1174, IWC WAGE ORDER § 7);** |
| | **6. FAILURE TO PAY COMPENSATION DUE UPON DISCHARGE FROM EMPLOYMENT (CAL. LABOR CODE §§ 201-203);** |
| | **7. UCL VIOLATIONS (BUS. & PROF. CODE §§ 17200-17204); AND** |
| | **8. CIVIL PENALTIES PURSUANT TO PRIVATE ATTORNEY GENERAL ACT (LABOR CODE §§ 2698, ET SEQ.)** |
| | **DEMAND FOR JURY TRIAL** |

Plaintiff La Toiya Morrison ("Plaintiff"), on behalf of herself and all others similarly situated (hereinafter "Class Members"), complains and alleges as follows:

## OVERVIEW OF CLAIMS

1.      This is a class action, under Federal Rules of Civil Procedure, Rule 23, seeking reimbursement for cell phone business expenses; unpaid premium pay; unpaid wages; statutory penalties for the failure to issue accurate itemized wage statements and maintain accurate payroll records; and for the failure to pay all wage due upon termination; interest; injunctive and other equitable relief, and reasonable attorneys' fees and costs, under California Labor Code §§ 226(a) and (e), 201-203, 226.7, 510, 512, 558, 1174, 1194, 1197, 1197.1, 1198 and 2802; applicable IWC Wage Order §§ 3, 4, 7, 11, and 12; corresponding sections of the California Codes of Regulation; and California Business and Professions Code § 17200, *et seq.*, on behalf of Plaintiff and all individuals who are or were employed by the American National Red Cross ("Defendant") as Training Services instructors (formerly known as Preparedness and Health and Safety Services instructors) and Nurse Assistant Training instructors and who taught courses to Red Cross clients in California ( "Class Members" or "Instructors") during the four years prior to the filing of this action through to the trial date ("Class Period").

2.      The "Class Period" is designated as the period from four years prior to the filing of this action through the trial date. Defendant's violations of California's wage and hour laws and unfair competition laws, as described more fully below, have been ongoing for at least the past four years, are continuing at present.

3.      During the Class Period, Plaintiff and Class Members paid cell phone expenses incurred by them in the course of their work for Defendant as Instructors, for which they have not received reimbursement from Defendant.

4.      During the Class Period, Defendant did not authorize and permit Class Members to take paid off-duty rest breaks and did not have a policy and/or practice of paying premium pay for missed rest breaks, in violation of Labor Code § 226.7 and Wage Order § 12.

5.      During the Class Period, Defendant failed to provide Class Members timely off-duty meal breaks and failed to pay premium pay for missed meal breaks, in violation of Labor Code §§ 226.7 and 512 and Wage Order  § 11.

6. During the Class Period, Defendant failed to pay Class Members' wages (including minimum wages, straight time wages and overtime wages) for all hours worked as a result of requiring that Class Members to work through their unpaid meal breaks without pay.

7. During applicable time period, Defendant failed to issue accurate itemized wage statements to Class Members that contained accurate entries for total hours worked, all applicable hourly rates, gross wages, and net wages earned, in violation of Labor Code § 226(a), (e).

8. During the applicable time period, Defendant failed to pay all compensation due and owing to the Class Members at the time of their discharge from employment in violation of Labor Code §§ 201-203.

9. As a result of the above Labor Code violations, Defendant committed unfair, unlawful, and fraudulent business practices, in violation of the UCL.

10. Plaintiff also brings this action as a representative action under the Labor Code Private Attorneys General Act ("PAGA"), Labor Code §§ 2698, et seq., on behalf of herself and Class Members employed by Defendant from April 17, 2018 through to the present ("Aggrieved Employees") for the labor code violations alleged herein.

**JURISDICTION**

11. This Court has jurisdiction over the Plaintiff's claims for reimbursement of business expenses under Labor Code § 2802.

12. This Court has jurisdiction over Plaintiff's and Class Members' claims for failure to authorize and permit Class Members to take off-duty rest breaks and failure to pay premium pay for missed rest breaks, under Labor Code § 226.7, applicable Wage Order § 12 and corresponding California Code of Regulations.

13. This Court has jurisdiction over Plaintiff's and Class Members' claims for failure to provide off-duty meal breaks and failure to pay premium pay for missed meal breaks, under Labor Code §§ 226.7 and 512, applicable Wage Order § 11 and corresponding California Code of Regulations.

14. This Court has jurisdiction over Plaintiff's and Class Members' claims for unpaid wages under Labor Code §§ 510, 1194, 1197, 1197.1, 1198 and applicable Wage Order §§ 3 and 4 and

corresponding California Code of Regulations.

15.     This Court has jurisdiction over Plaintiff's and Class Members' claims for compensation due upon discharge from employment under Labor Code §§ 201-203.

16.     This Court has jurisdiction over Plaintiffs' and Class Members' claims for failure to issue accurate itemized wage statements under Labor Code § 226(a).

17.     This Court has jurisdiction over Plaintiffs' and Class Members' claims for failure to maintain accurate payroll records under <u>Labor Code §§ 226, 1174(d) and 1174.5, applicable Wage Order § 7 and corresponding California Code of Regulations</u>.

18.     This Court has jurisdiction over the claims for restitution arising from Defendant's violations of Labor Code §§ 1197, 1198, 1194, 510, 2802, 226.7 and 512, applicable Wage Order §§ 3, 4, 11 and 12 and corresponding California Code of Regulations, under the UCL, Bus. & Prof. Code §§ 17203 and 17204.

19.     This Court has jurisdiction over claims for attorney's fees and costs pursuant to Labor Code §226(h), 2802, and Cal. Civ. Proc. Code § 1021.5.

20.     This Court has jurisdiction over the claims for declaratory relief and injunctive relief under the UCL, Bus. & Prof. Code §§ 17200 *et seq.*

21.     This Court has jurisdiction over Plaintiff's claims for PAGA penalties under Labor Code § 2699.  On April 17, 2019 Plaintiff provided PAGA Notice pursuant to Labor Code § 2699.3 to the Labor California Labor & Workforce Development Agency ("LWDA") and Defendant of Defendant's alleged violations of Labor Code § 2802. On or about February 18, 2020 Plaintiff provided PAGA Notice pursuant to Labor Code § 2699.3 to the Labor California Labor & Workforce Development Agency ("LWDA") and Defendant of Defendant's alleged violations of Labor Code §§ 201-203, 226, 226.7, 510, 512, 1174, 1174.5, 1194, 1197 and 1198 as well as corresponding Wage Order and California Code of Regulations.  The LWDA has provided no notice to Plaintiff within the period specified in Labor Code § 2699.3 regarding its intentions to investigate or not to investigate Plaintiff's claims. Plaintiff has therefore fully complied with the PAGA procedural requirements and may commence this representative action pursuant to Labor Code § 2699.

**VENUE**

22.     Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1441 and 1446.

**PARTIES**

23.     Plaintiff La Toiya Morrison resides in Studio City, California.  Plaintiff was employed by Defendant from approximately April 2018 through March 2019, and worked as an Instructor out of Defendant's Los Angeles, California, regional headquarters office.  During that time Plaintiff Morrison was subject to Defendant's policies and/or practices set forth herein.

24.     Defendant American National Red Cross is a Congressional Charter corporation with its principal place of business in Washington, DC.  The policies and practices complained of herein were formulated, implemented, and maintained, in whole or in substantial part, at that address.

25.     All of Plaintiff's claims stated herein are asserted against Defendant and any of its predecessors, successors, and/or assigns that do, or have done, business, and that employ, or have employed, Class Members in California during the Class Period.

**FACTUAL BACKGROUND**

26.     Defendant operates and, at all times during the Class Period, has done business throughout California.  Defendant, in the course of operating its business in California during the Class Period, employs or has employed Plaintiff and Class Members as Instructors.

***Defendant Failed to Reimburse Class Members' Business Expenses***

27.     During the Class Period, Defendant's expense-related policies and/or practices require, and/or with Defendant's knowledge thereof permit, Plaintiff and Class Members to use their personal cell phones and pay for cell phone related business expenses incurred in direct consequence of discharging their instructor duties on behalf of Defendant, without reimbursement by Defendant for such expenses.

28.     Specifically, during the Class Period, Instructors provide training courses on behalf of Defendant.  In order to prepare for and conduct these training courses, Defendant requires and expects Instructors to communicate regularly with Defendant and Defendant's clients regarding scheduling, needs of particular clients, and more.  Defendant, however, did not provide Instructors with cell phones

4

and they therefore must use their personal cellular phones to communicate with Defendant and Defendant's clients.

29.     Defendant was aware or should have been aware that Plaintiffs and Class Members regularly incur cell phone related business expenses in the discharge of their work duties and was required to reimburse them pursuant to Labor Code § 2802. Defendant nevertheless has, throughout the Class Period, failed and refused to reimburse Plaintiff and Class Members for such cell phone related business expenses incurred by them in their work for Defendant.

### *Defendant Failed to Provide Rest and Meal breaks and Failed to Pay Premium Pay*

30.     During the Class Period, Class Members were non-exempt employees. As a result, during the Class Period Defendant was required to comply with the wage and hour obligations to, including but not limited to, the obligation to authorize and permit off-duty rest periods and provide off-duty meal periods, or pay premium pay in lieu thereof, to provide Class Members with accurate itemized wage statements, and to pay Class Members all wages due upon termination, pursuant to Labor Code §§ 226.7, 512, 226(a), 201-203, applicable Wage Order §§ 11 and 12 and corresponding California Code of Regulations.

31.     During the Class Period, Defendant failed, as a matter of policy and/or practice, to permit and authorize Class Members to take off-duty rest breaks in violation of applicable Wage Order § 12 and corresponding California Code of Regulations.  In fact, Defendant had a written policy that required Class Members to remain available to students during all scheduled class time thus impeding Class Members' ability to take rest breaks.

32.     Thus, Defendant failed to authorize and permit compliant rest breaks in accordance with applicable Wage Order § 12(A) thereby triggering an obligation to make premium payments to Plaintiffs and Class Members on a class-wide basis under Labor Code § 226.7. Defendant failed, as a matter of policy and/or practice, to pay premium pay for missed rest breaks in violation of Labor Code § 226.7.

33.     During the Class Period, Defendant failed to provide Class Members with a 30-minute meal break before the end of the fifth hour of each shift as required by Labor Code § 512, applicable Wage Order § 11 and corresponding California Code of Regulations, thereby triggering an obligation

to make premium payments to Plaintiff and Class Members pursuant to Labor Code § 226.7. Defendant failed, as a matter of policy and/or practice, to pay premium pay for missed meal breaks in violation of Labor Code § 226.7.

### Defendant Failed to Pay All Wages Owed

34.     During the Class Period, Class Members were non-exempt employees, and Defendant was required to pay them all wages owed (including applicable minimum wages, straight time wages and overtime wages) for the hours that they worked under Labor Code §§ 510, 1194, 1197, 1198, applicable Wage Order §§ 3 and 4, and corresponding California Code of Regulations.

35.     During the Class Period, as a result of Defendant's requirement that Class Members' work through their unpaid meal break time, Defendant failed to pay Class Members' at least minimum wage for all hours worked and failed to pay overtime wages for all hours worked, in violation of Labor Code §§ 510, 1194, 1197 and 1198.

### Defendant Failed to issue Accurate Itemized Wage Statements

36.     As an additional consequence of Defendant's failure to provide compliant meal and rest breaks, failure to pay premium pay, and failure to pay wages for all hour worked, Plaintiff and Class Members did not receive accurate itemized wage statements as required by Labor Code § 226(a)(1), (a)(2), (a)(5), and (a)(9) that included accurate entries applicable hourly rates, total hours worked, net wages, and gross wages earned.

### Defendant Failed to Pay All Wages Due and Owing Upon Termination

37.     As a further consequence of Defendant's failure to provide compliant meal and rest breaks, failure to pay wages premium pay, and failure to pay wages for all hours worked, Plaintiff and Class Members whose employment with Defendant was terminated did not receive all compensation due to them in their final paychecks. As a result, Plaintiffs and these Class Members did not receive all wages due upon termination; nor did they receive these wages due within 30 days of the separation of their employment from Defendant in violation of Labor Code §§ 201-203.

### Defendant Failed to Maintain Accurate Records

38.     As a further consequence of Defendant's failure to provide compliant meal and rest breaks, failure to pay wages premium pay, and failure to pay wages for all hours worked, Defendant

failed to maintain accurate records required under Labor Code §§ 226, 1174(d), 1174.5, applicable Wage Order § 7, and corresponding California Code of Regulations.

### *Defendant's Labor Code Violations Were Unfair Business Practices*

39.     From at least four years prior to filing this complaint, through the present, Defendant has adopted and used unfair business practices to reduce Class Members' compensation and increase profits.  These unfair business practices include failing to authorize and permit timely off-duty rest periods and meal breaks; failing to pay premium pay for missed breaks; failing to pay all wages owed (including minimum, straight and overtime wages); and failing to reimburse Class Members for their cell phone expenses.

## CLASS ACTION ALLEGATIONS

40.     Plaintiff brings this action, on behalf of herself and all others similarly situated, as a class action pursuant to Federal Rules of Civil Procedure, Rule 23.

41.     This action has been brought and may properly be maintained as a class action under Federal Rules of Civil Procedure, Rule 23, because there is a well-defined community of interest in the litigation, the proposed class is easily ascertainable, and Plaintiff is a proper representative of the Class:

a.      Numerosity:  The potential members of the Class as defined are so numerous and so diversely located throughout California, that joinder of all the members of the Class is impracticable.  Plaintiff is informed and believes that Defendant has at all times during the Class Period employed approximately 370 Instructors in California subject to Defendant's unlawful policies and/or practices.  The Class Members are dispersed throughout California.  Joinder of all members of the proposed class is therefore not practicable.

b.      Commonality:  There are questions of law and fact common to the Plaintiff and the Class that predominate over any questions affecting only individual members of the Class.  These common questions of law and fact include, without limitation:

i.       Whether Plaintiff and Class Members incurred unreimbursed cell phone related business expenses in the discharge of their duties as employees.

1             ii.        Whether Defendant intended, suffered and/or permitted, and/or was

2  aware that Plaintiff and Class Members incurred such unreimbursed cell phone related business

3  expenses in the discharge of their duties as employees.

4             iii.        Whether Defendant failed and/or refused to reimburse cell phone related

5  business expenses incurred by Plaintiff and Class Members in the discharge of their duties.

6             iv.        Whether Defendant violated Labor Code § 2802 by denying Plaintiff and

7  other Class Members reimbursement for their cell phone related business expenses.

8             v.        Whether Defendant maintained policies and/or practices that prevented

9  or impeded Class Members from being authorized and permitted to take off-duty rest periods during

10  the Class Period;

11             vi.        Whether Defendant maintained policies and/or practices that prevented

12  or impeded Class Members from being provided off-duty meal periods during the Class Period;

13             vii.        Whether Defendant violated Labor Code § 226.7, applicable Wage

14  Order §§ 11 and 12 and corresponding California Code of Regulations by failing to pay one hour of

15  premium pay to each member of the Class for each day that an off-duty rest period or meal period was not

16  provided during the Class Period;

17             viii.        Whether Defendant violated Labor Code §§ 510, 1194, 1197 and 1198,

18  applicable Wage Order §§ 3 and 4 and corresponding California Code of Regulations by failing to pay

19  Class Members all wages owed (including applicable minimum wages, straight time wages and

20  overtime wages) for the hours that they worked;

21             ix.        Whether Defendant issued wage statements to Plaintiffs and Class

22  Members that failed to include accurate entries for applicable hourly rates, total hours worked, net wages

23  earned, and gross wages earned as required by Labor Code § 226(a)(1), (a)(2), (a)(5), and (a)(9);

24             x.        Whether Defendant's violation of Labor Code § 226(a) was knowing and

25  intentional;

26             xi.        Whether Defendant violated Labor Code §§ 201-203 by failing to pay

27  Class Members for all of their wages due to them upon separation of their employment;

28

xii.    Whether Defendant failed to maintain required records required under Labor Code §§ 226, 1174, 1174.5, applicable Wage Order § 7 and corresponding California Code of Regulations;

xiii.    Whether these violations of the above Labor Code provisions constitute unfair, unlawful, and fraudulent business practices, in violation of UCL;

xiv.    Whether Plaintiff is entitled to restitution under Business and Professions Code § 17200 for unpaid premium pay and unreimbursed cell phone expenses incurred by Plaintiff and Class Members.

xv.    Whether the Class is entitled to declaratory relief.

xvi.    The proper formula(s) for calculating damages, interest, and restitution owed to Plaintiff and the Class Members.

c.    Typicality:  Plaintiff's claims are typical of the claims of the Class.  Both Plaintiff and Class Members sustained injuries and damages, and were deprived of property rightly belonging to them, arising out of and caused by Defendant's common course of conduct in violation of law as alleged herein, in similar ways and for the same types of expenses.

d.    Adequacy of Representation:  Plaintiff is a member of the Class and will fairly and adequately represent and protect the interests of the Class Members.  Plaintiff's interests do not conflict with those of Class Members.  Counsel who represents Plaintiff is competent and experienced in litigating large wage and hour class action and will devote sufficient time and resources to the case and otherwise adequately represent the Class.

e.    Superiority of Class Action:  A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.  Each Class Member has been damaged or may be damaged in the future by reason of Defendant's unlawful policies and/or practices.  Certification of this case as a class action will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.  Certifying this case as a class action is superior because it allows for efficient and full disgorgement of the ill-gotten gains Defendant

9

has enjoyed by maintaining its unlawful policies and/or practices, and will thereby effectuate

California's strong public policy of protecting employees from deprivation of compensation earned in

their employment.  If this action is not certified as a Class Action, it will be impossible as a practical

matter for many or most Class Members to bring individual actions to recover monies unlawfully

withheld from their lawful compensation due from Defendant, due to the relatively small amounts of

such individual recoveries relative to the costs and burdens of litigation.

**FIRST CAUSE OF ACTION**
**Failure to Reimburse for Business Expenses**
**(Labor Code § 2802)**

42.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in

the preceding paragraphs.

43.     Labor Code § 2802 provides that "[a]n employer shall indemnify his or her employee

for all necessary expenditures or losses incurred by the employee in direct consequence of the

discharge of his or her duties."

44.     In order to discharge their job duties for Defendant, Plaintiff and similarly situated

Instructors were required and/or expected by Defendant to use their own personal cell phones for

business communications.  However, Defendant did not provide them with company cell phone and

did not pay them for expenses incurred as a result of Plaintiff's and Class Members' use of their

personal cell phones for work.

45.     Defendant's failure to pay for or reimburse the work-related cell phone expenses of

Plaintiff and other Class Members violated non-waivable rights secured to them by Labor Code

§ 2802.  Plaintiff and Class Members are entitled to reimbursement for these necessary expenditures,

plus interest, under Labor Code § 2802.

46.     As a result of Defendant's violations of Labor Code § 2802, Defendant is also liable for

attorneys' fees and costs under Labor Code § 2802(c).

47.     Plaintiff, on behalf of herself and Class Members, request relief as described below

**SECOND CAUSE OF ACTION**
**Failure to Authorize and Permit Off-Duty Rest Breaks or Pay Missed Rest Period Premiums**
**[Cal. Labor Code § 226.7; IWC Wage Order § 12; corresponding California Code of Regulations]**

48.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in

10

SECOND AMENDED COMPLAINT - CASE NO.: 4:19-CV-02855-HSG

1  the preceding paragraphs.

2      49.      Applicable IWC Wage Order § 12(A) and corresponding California Code of

3  Regulations provide:

4          "(A) Every employer shall authorize and permit all employees to take rest periods, which

5          insofar as practicable shall be in the middle of each work period. The authorized rest

6          period time shall be based on the total hours worked daily at the rate of ten minutes net

7          rest time per four hours or major fraction thereof. However, a rest period need not be

8          authorized for employees whose total daily work time is less than three and one-half (3

9          1/2) hours. Authorized rest period time shall be counted as hours worked for which there

10         shall be no deduction from wages."

11     50.      California Labor Code § 226.7(a) provides, "No employer shall require any employee to

12 work during any meal or rest period mandated by an applicable order of the Industrial Welfare

13 Commission."

14     51.      As set forth above, Class Members routinely worked 3.5 hours or longer without being

15 authorized and permitted to take an off-duty rest breaks to which they were entitled, in violation of

16 applicable Wage Order § 12 and corresponding California Code of Regulations.

17     52.      Defendant did not have a policy and/or practice of paying Plaintiffs and Class Members

18 for missed rest breaks in violation of Labor Code § 226.7, applicable Wage Order § 12 and

19 corresponding California Code of Regulations.

20     53.      As a result of Defendant's policies and practices, Plaintiffs and the Class are entitled to

21 recover one additional hour of pay at the employee's regular rate of compensation for each day in which

22 Defendant failed to authorize and permit Class Members to take rest periods as required under Labor

23 Code § 226.7, applicable Wage Order § 12 and corresponding California Code of Regulations.

24     54.      Plaintiff, on behalf of herself and all other Class Members, requests relief as described

25 below.

### THIRD CAUSE OF ACTION
**Failure to Provide Compliant Meal Periods and Pay Missed Meal Period Premiums**
**[Cal. Labor Code § 226.7 and 512; Wage Order § 11; corresponding California Code of Regulations]**

55.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

56.     California Labor Code § 512(a) provides: "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes…"

57.     California Labor Code § 226.7(a) provides: "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

58.     Applicable Wage Order No. § 11(A) and corresponding California Code of Regulations provide: "(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes…"

59.     As alleged herein, Plaintiff and Class Members regularly worked five (5) hours or more in a day without being provided a 30-minute meal period in which they were relieved of all duties, in violation of Labor Code § 512, applicable Wage Order No. § 11(A) and corresponding California Code of Regulations.

60.     As a result, Plaintiff and the Class are entitled to recovery under Labor Code § 226.7, applicable Wage Order § 11 and corresponding California Code of Regulations in the amount of one additional hour of pay at the employee's regular rate of compensation for each day in which Defendant failed to provide Class Members with off-duty meal periods as required by California law.

61.     Plaintiff, on behalf of herself and all other Class Members, requests relief as described below.

### FOURTH CAUSE OF ACTION
### Failure to Pay Wages for All Hours Worked
**[Labor Code §§ 510, 1194, 1197 and 1198; Wage Order § 3 and 4; corresponding California Code of Regulations]**

62.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

63.     During the Class Period, Defendant required and expected Plaintiff and Class Members to perform work during their unpaid meal break time, which Plaintiff and Class Members did perform,

but were not compensated for, in violation of applicable Wage Order §§ 3-4, corresponding California Code of Regulations and Labor Code §§§ 510, 1194, 1197, 1198.

64.     As a result, Plaintiff and the Class are entitled to recover their unpaid wages, unpaid overtime wages, interest, attorneys' fees and costs, statutory penalties, plus liquidated damages in an additional amount equal to the total amount of wages unlawfully withheld during the Class Period.

65.     Plaintiff, on behalf of herself and all other Class Members, requests relief as described below.

## FIFTH CAUSE OF ACTION
### Failure to Issue Accurate Itemized Wage Statements and Maintain Payroll Records
### [Cal. Labor Code §§ 226, 1174, 1174.5, Wage Order § 7; corresponding California Code of Regulations]

66.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

67.     Labor Code § 226(a) requires employers to furnish their employees with wage statements containing accurate entries for "(1) gross wage earned, (2) total hours worked by the employee…(5) net wages earned, … (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

68.     Under Labor Code §§ 226, 1174(d) and 1174.5, applicable Wage Order § 7, and corresponding California Code of Regulations, Defendant was required to maintain accurate records for Plaintiff and Class Members.

69.     Based on the allegations above, Defendant issued Plaintiffs and Class Members wage statements that lacked accurate entries for applicable hourly rates in effect during the pay period, total hours worked, net wages, and gross wages earned in violation of Labor Code § 226(a)(1), (a)(2), (a)(5), and (a)(9). Defendant failed to maintain accurate records of, among other things, the applicable hourly rates in effect during the pay period, total hours worked, net wages, and gross wages earned.

70.     Plaintiff and Class Members suffered injury as a result of Defendant's knowing and intentional failure to comply with Labor Code § 226(a). As a result, Class Members are entitled to recover $50 for each initial pay period with a violation, and $100 for each subsequent pay period with a violation, up to an amount not exceeding an aggregate penalty of $4,000 for each Class Member,

1  pursuant to Labor Code § 226(e).

2       71.    Plaintiff, on behalf of herself and all Class Members, request relief as described below.

## SIXTH CAUSE OF ACTION
### Failure to Pay Compensation Due Upon Termination
### [Cal. Labor Code §§ 201-203]

        72.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

        73.    Labor Code §§ 201 and 202 require Defendant to pay all compensation due and owing to Class Members promptly after their employment was terminated.  Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required by §§ 201 and 202, then the employer is liable for penalties in the form of continued compensation up to 30 work days.

        74.    As alleged herein, Defendant willfully failed to pay Plaintiff and Class premium pay during their employment, and failed to pay wages for all hours worked, upon their termination or separation from employment with Defendant, as required by Labor Code §§ 201 and 202.

        75.    In light of the clear law requiring Defendant to authorize and permit Class Members to take off-duty rest breaks and pay premium pay for missed rest breaks, and provide Class Members with off-duty meal breaks and pay premium pay for missed meal breaks, and pay Class Members at the applicable minimum wage, straight time and/or the applicable overtime rate for all time spent working, Defendant's failure to pay wages for such time was willful.

        76.    As a result, Defendant is liable to Plaintiff and Class Members whose employment terminated for waiting time penalties amounting to thirty (30) days wages for each formerly employed Class Member pursuant to Labor Code § 203.

        77.    Plaintiff, on behalf of herself and all other Class Members, request relief as described below.

## SEVENTH CAUSE OF ACTION
### Unfair Competition Law Violation
### (Bus. & Prof. Code §§ 17200 et seq.)

        78.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

79.     Business & Professions Code §§ 17200, *et seq.* prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business act or practice.  Business & Professions Code § 17204 allows "any person who has suffered injury in fact and has lost money or property" to prosecute a civil action for violation of the UCL.  Such a person may bring such an action on behalf of himself and others similarly situated who are affected by the unlawful, unfair, or fraudulent business practice.

80.     Beginning at least four years prior to the filing of this Complaint, Defendant committed, and continues to commit, acts of unfair competition, as defined in the UCL by wrongfully denying Class Members off-duty rest breaks and meal breaks, failing to pay premium pay for missed breaks, and failing to pay them all wages owed (including applicable minimum wages, straight time wages and overtime wages) for the hours that they worked, failing to pay them all wages due at time of discharge and failing to reimburse them for reasonable necessary business expenses in violation of Labor Code §§ 201-203, 226.7, 512, 510, 1194, 1174.5, 1197, 1198, 2802, applicable Wage Order No. §§ 3, 4, 11 and 12, and corresponding California Code of Regulations.

81.     By its actions and omissions, Defendant has substantially injured Plaintiff and the Class Members. Defendant's conduct as herein alleged has damaged Plaintiff and the Class and was substantially injurious to them.

82.     The harm to Plaintiff and the Class resulting from Defendant's labor code violations outweighs the utility, if any, of Defendant's policies and practices. Therefore, Defendant's actions described herein constitute an unfair business practice or act within the meaning of the UCL.

83.     Plaintiff has assumed the responsibility of enforcement of the laws and public policies specified herein by suing on behalf of herself and other similarly situated members of the public previously and presently employed by Defendant in California.  Plaintiff's success in this action will enforce important rights affecting the public interest.  Plaintiff will incur a financial burden in pursuing this action in the public interest.  Therefore, an award of reasonable attorneys' fees to Plaintiff is appropriate pursuant to Code of Civil Procedure § 1021.5.

84.     Plaintiff, on behalf of herself and the Class, requests relief as described below.

1

**EIGHTH CAUSE OF ACTION**
**Civil Penalties (Labor Code §§ 2698 et seq.)**

2

3

85.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

4

5

86.     Plaintiff is an "Aggrieved Employee" under PAGA as she was employed by Defendant during the applicable statutory period and suffered one or more of the Labor Code violations alleged herein.  As such, Plaintiff seeks to recover, on behalf of herself and all Aggrieved Employees of Defendant, civil penalties provided by PAGA, plus reasonable attorneys' fees and costs.

6

7

8

87.     Plaintiff seeks PAGA penalties on behalf of herself and Aggrieved Employees against Defendant for the following violations:

9

10

*Violation of IWC Wage Order § 12, corresponding California Code of Regulations, and Labor Code §§ 226.7*

11

12

88.     During the PAGA Period, Defendant failed to authorize and permit paid rest breaks and pay missed rest break premiums in violation of Labor Code § 226.7, applicable IWC Wage Order § 12 and corresponding California Code of Regulations, as described above.

13

14

89.     Pursuant to Labor Code § 2699(f)(2), Plaintiffs and Aggrieved Employees are entitled to one hundred dollars ($100) per pay period for each initial violation and two hundred dollars ($200) per pay period for each subsequent violation.

15

16

17

*Violation of Labor Code § 2802*

18

19

90.     During the PAGA Period, Defendant failed to reimburse Aggrieved Employees for their necessarily incurred business expenses in violation of Labor Code § 2802.

20

91.     Under Labor Code § 2699(f)(2), Plaintiff and Aggrieved Employees are entitled to a PAGA penalty equal to one hundred dollars ($100) per pay period per Aggrieved Employee for each initial violation of Labor Code § and two hundred dollars ($200) per pay period for each subsequent violation.

21

22

23

*Violation of Labor Code §§ 226.7 and 512, IWC Wage Order § 11, corresponding California Code of Regulations*

24

25

92.     During the PAGA Period, Defendant failed to provide off-duty meal breaks and pay missed meal break premiums in violation of Labor Code § 226.7 and 512, applicable IWC Wage Order § 11 and corresponding California Code of Regulations, as described above.

26

27

28

16

93.     Pursuant to Labor Code § 2699(f)(2), Plaintiffs and Aggrieved Employees are entitled to one hundred dollars ($100) per pay period for each initial violation and two hundred dollars ($200) per pay period for each subsequent violation.

### *Violation of Labor Code §§ 510, 1194, 1197, 1197.1, 1198, IWC Wage Order §§ 3-4, corresponding California Code of Regulations,*

94.     During the PAGA Period, Defendant failed to pay Aggrieved Employees all wages owed (including applicable minimum wages, straight time wages and overtime wages) for the hours that they worked in violation of Labor Code §§ 510, 1194, 1197 and 1198, applicable IWC Wage Order §§ 3-4 and corresponding California Code of Regulations, as described above.

95.     Pursuant to Labor Code § 558, Plaintiff and Aggrieved Employees are entitled to fifty hundred dollars ($50) for each initial violation and one hundred dollars ($100) for each subsequent violation.

### *Violation of Labor Code §§ 226(a)*

96.     During the PAGA Period, Defendant failed to issue accurate itemized wage statements containing all applicable hourly rates in effect during the pay period, gross wages, and net wages, violation of Labor Code §§ 226(a).

97.     Under Labor Code § 2699(f)(2), Plaintiff and Aggrieved Employees are entitled to a PAGA penalty equal to one hundred dollars ($100) per pay period per Aggrieved Employee for each initial violation of Labor Code § 226(a)(1), (a)(2), (a)(5), and (a)(9), and two hundred dollars ($200) per pay period for each subsequent violation.

### *Violation of Labor Code §§ 201-203*

98.     During the PAGA Period, Plaintiff and formerly employed Aggrieved Employees also did not receive all compensation due to them in their final paychecks in violation of Labor Code §§ 201-203.

99.     Pursuant to Labor Code § 2699(f)(2), Plaintiffs and Aggrieved Employees are entitled to one hundred dollars ($100) per pay period for each initial violation and two hundred dollars ($200) per pay period for each subsequent violation.

### *Violation of Labor Code §§ 226, 1174(d) and 1174.5; IWC Wage Order § 7, corresponding California Code of Regulations,*

100.     As a result of the Labor Code violations described above, Defendant willfully failed to keep accurate payroll records showing, among other things, the hours worked by the Aggrieved Employees, in violation of Labor Code §§ 226, 1174(d), applicable IWC Wage Order § 7, corresponding California Code of Regulations.

101.     Pursuant to Labor Code § 1174.5, Plaintiff and each Aggrieved Employee are entitled to a civil penalty of $500 per violation.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff request the following relief:

A.       That the Court determine that this action may be maintained as a class action under Federal Rules of Civil Procedure, Rule 23, and define the Class as requested herein;

B.       That the Court find and declare that Defendant's business expense policies and/or practices violate California law, including Labor Code § 2802, and award to Plaintiff and Class Members all unreimbursed cell phone related business expenses, and interest thereon, pursuant to Labor Code § 2802;

C.       That the Court find and declare that Defendant violated Labor Code § 226.7. Wage Order § 12 and corresponding California Code of Regulations by failing to pay Plaintiffs and Class Members premium pay for missed rest breaks; and award Plaintiffs and the Class unpaid premium pay for missed rest breaks;

D.       That the Court find and declare that Defendant violated Labor Code §§ 226.7 and 512, Wage Order  § 11 and corresponding California Code of Regulations by failing to provide compliant meal breaks and award Plaintiff and the Class unpaid premium pay for missed meal breaks.

E.       That the Court find and declare that Defendant violated Labor Code §§ 510, 1194, 1197, 1198, Wage Order §§ 3 and 4 and corresponding California Code of Regulations by failing to pay Class Members wages for all work performed by them; and award Plaintiff and Class Members unpaid wages, interest, and liquidated damages;

F.       That the Court find and declare that Defendant has violated Labor Code §§ 226(a), (e); award Plaintiff and Class Members statutory penalties under Labor Code § 226(e);

G.     That the Court find and declare that Defendant has violated Labor Code §§ 226, 1174 and 1174.5;

H.     That the Court find and declare that Defendant has violated §§ 201-203 of the California Labor Code, and award Plaintiff and Class Members penalties in the amount of 30 days' wages per Class Member;

I.     That the Court find and declare Defendant has violated the UCL by failing to authorize and permit compliant rest breaks and pay premium pay for missed rest breaks; failing to provide compliant meal breaks and pay premium pay for missed meal breaks; failing to pay wages for all hours worked; and failing to reimburse necessarily incurred business expenses; award restitution to the Class in the amount of unpaid premium pay, unpaid wages, and unreimbursed expenses; and enjoin Defendant from continuing to enforce policies and practices that violate Labor Code §§ 226.7, 510, 512, 1194, 1197, 1198 and 2802.

J.     That the Court award Plaintiff and Aggrieved Employees civil penalties pursuant to PAGA;

K.     That be Plaintiff and the Class awarded reasonable attorneys' fees and costs pursuant to Labor Code §§ 2802(c), 226(e), 1194, 2699, Code of Civil Procedure § 1021.5, and/or other applicable law;

L.     That the Court award such other and further relief as this Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of herself and the Class Members hereby demands a jury trial on all causes of action and claims with respect to which she has a right to jury trial.

Dated:  June 1, 2020               Respectfully submitted,

HAMMONDLAW, P.C.



Julian Hammond

Attorney for Plaintiff and the Putative Class