JULIAN HAMMOND (SBN 268489)
jhammond@hammondlawpc.com
POLINA BRANDLER (SBN 269086)
pbrandler@hammondlawpc.com
ARI CHERNIAK (SBN 290071)
acherniak@hammondlaw.com
HAMMONDLAW, P.C.
1829 Reisterstown Rd. Suite 410
Baltimore, MD 21208
Tel: (310) 601-6766
Fax: (310) 295-2385

Attorneys for Plaintiff and Putative Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA TOIYA MORRISON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN NATIONAL RED CROSS, a Congressional Charter Corporation,<br><br>Defendant. | Case No.: 4:19-cv-2855-HSG<br><br>**DECLARATION OF JULIAN HAMMOND IN SUPPORT OF PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS AND CLASS REPRESENTATIVE'S INCENTIVE AWARD** |

I, Julian Hammond, declare as follows:

1. I am over the age of 18 and have personal knowledge of the facts set forth in this declaration and could and would testify competently to them.

2. I am a member in good standing of the Bar of the State of California. I am licensed to practice before all courts in the State of California.[1]

3. I am the founding shareholder of the law firm HammondLaw, P.C. ("HammondLaw" or "Class Counsel") and counsel for the named Plaintiff La Toiya Morrison ("Plaintiff"). I make this Declaration in support of Plaintiff's Motion for Attorney's Fees and Costs and Class Representative's Incentive Award.

4. Since founding HammondLaw in 2010, I have devoted a substantial percentage of my practice to litigating cases involving wage and hour violations, the bulk of these being class actions. My firm has represented thousands of employees in wage and hour class actions under California law and in California courts.

5. HammondLaw has been certified as Class Counsel or Co-Class Counsel in at least 40 wage and hour class actions, representing thousands of class members, in the Superior Courts for the Counties of Alameda, Los Angeles, Sacramento, San Diego, Solano, Santa Clara, Monterey, San Joaquin, Placer, Orange, Contra Costa, San Bernardino, or in federal District Courts in California in cases based on state law, over the last ten years. In addition, HammondLaw is putative Class Counsel in at least 20 pending actions in California Superior Courts, some of which have been tentatively settled and/or preliminarily approved by the Courts. A copy of my firm resume is attached as **Exhibit 1**.

6. I graduated from the University of South Wales with a Bachelor of Commerce in 1995, from the University of Technology in Sydney with a Bachelor of Law summa cum laude in 1999, and from New York University School of Law with a Masters of Law in 2001. I founded HammondLaw in 2010. Since the founding of HammondLaw, I have devoted a substantial percentage of my practice to litigating cases involving wage and hour violations, the bulk of these being class actions. My firm has

---

[1] I am also an active member of the Bar of the State of New York and the Bar of the State of Washington, and am admitted to practice as a Barrister-at-Law in both the New South Wales and Victorian Supreme Courts, located in Australia.

represented tens of thousands of employees in wage and hour class actions under California law and in California courts.

7.  My two associates, Polina Brandler (formerly Polina Pecherskaya) and Ari Cherniak, played an active role in this case. Ms. Brandler is a tenth-year associate. She received her B.A. in history cum laude from the Macaulay Honors College at the City University of New York in 2005, and her J.D. from the Benjamin N. Cardozo School of law in 2009. While in law school, Ms. Brandler was an intern for the Honorable Sandra L. Townes of the Southern District of New York, and was a volunteer for Sanctuary for Families advocating for abused partners and/or spouses seeking orders of protection and/or uncontested divorces. After graduation, she clerked for the Honorable Anita H. Dymant of the Appellate Division of the Los Angeles Superior Court from 2009 to 2012. During her time at HammondLaw, her practice has focused on wage and hour and consumer class actions. Ms. Brandler is admitted to practice law in California and New York.

8.  Mr. Cherniak is a ninth-year associate. He received his B.S. in Philosophy cum laude from Towson University in 2007, and his J.D. from Tulane Law School in 2011. While in law school, Mr. Cherniak earned a citation for his extensive pro bono work in the Felony Trial Unit of Baltimore City Office of the Public Defender. Since 2012, Mr. Cherniak's practice has focused on wage and hour and consumer class actions. Mr. Cherniak is admitted to practice law in California, Washington, and Maryland.

9.  Class Counsel's requested attorney's fees award of 25% of the settlement amount ($94,250) and litigation costs of $9,095.15 is fair, reasonable and adequate to compensate Class Counsel for the substantial work they have already done to prosecute this Action, the risk they assumed to agree to take the case in the first place, the expense spared to the Class by Class Counsel's successful settlement, and the continued time and expense that Class Counsel will incur by administering the fair distribution of the settlement fund should this Court grant final approval.

10. In my professional experience, common fund recoveries are a frequently used basis for awarding successful Plaintiff's attorneys their fees in wage and hour class actions. My understanding is that the courts' bases for favoring common fund awards include (1) fairly compensating the attorneys

based on the benefits brought to the class; (2) providing an incentive for counsel to efficiently litigate cases, rather than spend excessive hours to prolong litigation and justify a higher lodestar; (3) providing incentive for settlement, which is particularly preferred in class actions; (4) equitably spreading the attorneys' fees among class members who benefit from their work; and (5) relieving some of the workload on an overtaxed judicial system while still providing fairness to the class through judicial oversight of class settlements.

11. Class Counsel's attorney's fees request contemplates all of these factors. Class Counsel agreed to represent Plaintiff and the putative class on a contingency basis, and further agreed to advance all litigation costs. Our significant financial outlays would have been entirely lost if the case were not won, and the amount of Class Counsel's time that would have remained uncompensated in that event would have been substantial. Class Counsel also took on this case despite the known risks associated with Plaintiff's claims and the Class allegation as described above and the unpredictable risks that are common to most complex employment class actions that develop only over the course of the litigation. Such unpredictable factors include, of course, the possibilities of changes or developments in the law, and actions by defendants or defense counsel. Even if Class Counsel were ultimately successful, further litigation would have delayed the final outcome by several years and put Class Members at a risk of recovering less than the gross settlement amount, or nothing at all. Notwithstanding these risks, Class Counsel was able to obtain a very favorable settlement for the Class that, if approved, will be distributed less than two years from the filing of the Action – a short filing-to-payment period.

12. While there will be a range of recovery amounts based on individual Class Members' dates of employment within the Class Period, the average gross recovery per Class Member will be $1,000[2] and the average net recovery will be $598[3] assuming approval of the settlement terms. The per-Class Member amounts of the recoveries in this case are a substantial result for a case of this type, especially given the many risks that would have confronted Plaintiff in continuing litigation. Plaintiff's

---

[2] $377,000/377 Class Members

[3] The Net Settlement Amount is approximately $225,379.85, which is $377,000 less attorneys' fees ($94,250), costs ($9,095.15), Settlement Administration Costs ($12,000), LWDA share of PAGA penalties ($28,275), and Plaintiff's Incentive Award ($8,000)

lawsuit also resulted in Defendant providing Training Services instructors with an additional communication application on their smart tablets that allowed them to make and receive work-related phone calls and texts.

13. As of October 10, 2020, my firm has spent 127.8 hours on this for total lodestar of $71,620. A summary of the hours, hourly rates, and lodestar value for our firm's staff that billed to this case is as follows:

| Timekeeper | Hours | Hourly Rate | Lodestar |
|---|---|---|---|
| Julian Hammond | 63.3 | $ 625.00 | $40,187.50 |
| Ari Cherniak | 51.9 | $ 495.00 | $26,690.50 |
| Polina Brandler | 11.60 | $ 495.00 | $5,742.00 |
| **Totals** | **127.80** | | **$71,620.00** |

14. <u>I have spent approximately 65 hours working on this case as follows:</u>

- 8 hours were spent on case initiation tasks including reviewing Plaintiff's employee file and analyzing her claims; researching Red Cross' organizational structure; reviewing and editing the Complaint and PAGA Notice; analyzing Red Cross' removal papers; and reviewing and discussing the Rule 26 Report filed on August 20, 2020.

- 18 hours were spent on discovery-related tasks including reviewing Plaintiff's formal discovery requests and Plaintiff's Rule 26 disclosure; and reviewing, analyzing and discussing Defendant's informal document production, including pay data and scheduling data, for mediation purposes;

- 12 hours were spent preparing for the mediation including reviewing and editing Plaintiff's detailed mediation brief and damages analysis; discussing the strengths of Plaintiff's various claims with Mr. Cherniak; analyzing online survey responses sent to Class Members; and reviewing Red Cross' mediation brief;

- 22 hours were spent attending the full-day mediation with Lisa Klerman, and traveling between Maryland and San Francisco to attend the full-day mediation;

- 2 hours were spent negotiating the final terms of the settlement, and reviewing Plaintiff's preliminary approval motion papers; and

- 2 hours were spent reviewing the preliminary approval order, overseeing the notice administration process, and discussing the final approval briefing process.

- Based on my experience, my 2019 hourly rate is $625/hour.

a. <u>Approximately 52 hours were spent by Ari Cherniak, an associate attorney, as follows:</u>

- 3 hours were spent drafting and filing various pleadings and stipulations including the amended complaint, status reports, stipulations, ADR Certifications, and the like;

- 3.3 hours were spent drafting written discovery and Rule 26 disclosures;

- 21 hours were spent on mediation related tasks including sending online surveys to putative class members; interviewing putative class members; drafting Plaintiff's mediation brief; analyzing data produced by Defendant and completing a detailed damages analysis; reviewing Defendant's mediation brief; and attending the mediation via Zoom video conference;

- 12 hours were spent drafting Plaintiff's preliminary approval motion and supporting declarations;

- 2 hours were spent obtaining preliminary approval including attending the preliminary approval hearing on July 9, 2020; drafting the stipulation to amend the Settlement, revised Class Notice, and proposed notice administration timeline;

- 3 hours were spent overseeing the notice process including reviewing and approving the Class Notice and Settlement website; and communicating with Simpluris regarding the notice process; and

- 8 hours were spent researching case law and drafting briefing necessary to obtain final approval in the Northern District of California.

- Based on his prior experience, Mr. Cherniak's 2019 hourly rate is $495/hour.

b. <u>Approximately 12 hours were spent by Polina Brandler, an associate attorney.</u>

- 4.4 hours were spent on case initiation tasks including interviewing Plaintiff, gathering and reviewing Plaintiff's documents, and corresponding with Plaintiff regarding her claims;

discussing Plaintiff's claims with Julian Hammond; and editing the draft complaint and PAGA Notice;

- 1 hour was spent reviewing and editing Plaintiff's formal and informal discovery requests and creating Plaintiff's online survey;

- 3.3 hours were spent reviewing and editing Plaintiff's mediation brief; and

- approximately 2.9 hours were spent reviewing and editing Plaintiff's preliminary approval motion and supporting declarations.

- Based on her prior experience, Ms. Brandler's 2019 hourly rate is $495/hour.

15. I anticipate that our firm will spend an estimated 20 additional hours preparing and filing the motion for final approval, continuing to oversee the notice process, answering calls and questions from Class Members, attending the final approval hearing, and overseeing the distribution of the settlement funds. Thus, Class Counsel's fees request represents a current multiplier of 1.31; and will represent an even lower multiplier when the settlement funds are distributed many months from now.

16. Our lodestar in this case is calculated using our standard hourly rates from 2019, which have remained unchanged since 2016. Class Counsel's hourly rates have been repeatedly approved and found reasonable by California state and federal courts, including *Moss et al. v. USF Reddaway, Inc.*, Case No. 5:15-cv-01541 (C.D. Cal. July 25, 2018) (finding that "The attorneys and paralegals who worked on this matter have substantial experience in complex employment litigation", approving my hourly rates, and the hourly rates of Ms. Brandler and Mr. Cherniak, and approving a 1.43 multiplier); *Maldonado et al v. Heavy Weight Transport, Inc.,* C.D. Cal. Case No. Case No. 2:16-cv-08838-CAS (C.D. Cal December 11, 2017) (approving my firm's 2017 hourly rates and approving a 1.26 multiplier to Class Counsel's lodestar); *Hogue v. YRC*, Case No. 5:16-cv-01338 (C.D. Cal. June 24, 2019); (approving my firm's 2019 hourly rates); *Siciliano, et al. v. Apple, Inc.,* No. 1-13-cv-257676 (Santa Clara Cty. Sup. Ct. November 2, 2018) (granting final approval and approving fees award calculated using co-counsel's hourly rates and HammondLaw's 2015 and 2016 hourly rates); *Davis v. Birchbox*, No. 3:15-cv-00498 (S.D. Cal. Oct. 17, 2016) (ECF No. 57, approving HammondLaw's 2016 hourly rates); *Gargir v. Seaworld*, No. 37-2015-00008175 (San Diego Cty. Sup. Ct. Oct. 31, 2016) (same);

*Hillman v. Kaplan*, No. 34-2017-00208078 (Sacramento Cty. Sup. Ct. Dec. 7, 2017) (same); *Araiza v. Scotts*, No. BC570350 (L.A. Cty. Sup. Ct. Sept. 19, 2016) (approving request based on 2015 and 2016 hourly rates), *Goldman v. LifeLock*, No. 1-15-CV-276235 (Santa Clara Cty. Sup. Ct. Jan. 7, 2016) (approving award based on HammondLaw's 2015 rates); *Bender et al. v. Mr. Copy, Inc.*, Case No. 30-2015-00824068-CU-OE-CXC (Orange Cty. Sup. Ct. October 13, 2017), and numerous other state and federal courts.

17. My firm has incurred $9,095.15 in costs and expenses in this litigation to date. This amount is $5,904.85 less than the $15,000 agreed upon in the Settlement, and the difference will be added to the Net Settlement. Thus, each Class Member's share will be higher than the estimate included in the Notice. A summary of my firm's expenses for this case is as follows:

| Expense Category | Amount |
| --- | --- |
| Filing fees (Complaint) | $1,567.86 |
| Filing fees (Service of Process) | $65.00 |
| Mediation / Mediator Fees | $6,000.00 |
| Mediation / Travel | $538.40 |
| Mediation/ Lodging | $620.57 |
| Mediation/ Food costs | $303.32 |
| **Total** | **$9,095.15** |

18. The requested Incentive Award of $8,000 to the single Plaintiff is reasonable and fair. Plaintiff's participation and assistance was critical to the success of this litigation and the enforcement of Labor Code protections. Without her commitment to come forward and serve as the sole Class Representative, this litigation, which enforces the protections of the California Labor Code, would not have been brought. Significantly, the named plaintiff is granting Defendant a general release of all claims, which is far broader than the release being given by the members of the Class. Plaintiff also assumed the risk of paying Defendant's costs had she lost – a potentially large amount. Finally, Plaintiff's lawsuit has resulted in significant monetary recovery for the class, with an average payment of $598;

and significant non-monetary recovery in that Defendant provided Training Services instructors with an additional communication application on their smart tablets that allowed them to make and receive work-related phone calls and texts.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct. Executed on October 14th, 2020.

By: _____
Julian Hammond

**EXHIBIT 1**

JULIAN A. HAMMOND
HAMMONDLAW. P.C.
1829 Reisterstown Rd., Suite 410, Baltimore, MD 21208
jhammond@hammondlawpc.com 310-610-6766

## Approved California Wage and Hour Cases

- **Brown v. Cernx and Amazon,** Case No. JCCP004971 (Cal. Sup. Ct. Alameda Cty. July 10, 2020) (certifying HammondLaw as co-class counsel in $350,000 settlement of Labor Code §§ 1194, 226, 226.7, 510, 512, and 2802 putative class action on behalf of approximately 309 couriers);
- **Stempien v. DeVry University**, Case No. RG19002623 (July 30, 2020)(certifying HammondLaw as class counsel for $1,364,880 Labor Code §§ 1194, 226, 226.2, 226.7, and 2802 putative class action on behalf of approximately 498 adjunct instructors);
- **McCoy v. Concorde.**, Case No. 30-2017-00936359-CU-OE-CXC (Cal. Sup. Ct. Orange Cty. July 2, 2019) (certifying HammondLaw as class counsel for $2,500,000 settlement of Labor Code §§ 1194, 226, 226.7, and 512 putative class action on behalf of approximately 636 adjunct instructors);
- **Hogue v. YRC,** Case No. 5:16-cv-01338 (C.D. Cal. June 24, 2019) (certifying HammondLaw and A&T as co-class counsel for $700,000 settlement of Labor Code §§ 1194, 226.2, 226.7, and 2802 class action on behalf of approximately 225 truck drivers);
- **Sands v. Gold's Gym,** Case No. BC660124 (Cal. Sup. Ct. Los Angeles Cty. March 20, 2019) (Labor Code § 2698 *et seq.* representative action settlement for $125,000 for violation of Labor Code § 1194, 2802 and 246 *et seq.* on behalf of 106 fitness instructors);
- **Garcia v. CSU Fullerton.**, Case No. 30-2017-00912195-CU-OE-CXC (Cal. Sup. Ct. Orange Cty. February 15, 2019) (certifying HammondLaw as class counsel for $330,000 settlement of Labor Code §§ 1194, 226, 226.7, and 512 putative class action on behalf of approximately 127 adjunct instructors);
- **Pereltsvaig v. Stanford**, Case No. 17-CV-311521 (Cal. Sup. Ct. Santa Clara Cty. January 4, 2019) (certifying HammondLaw as class counsel for $886,890 settlement of Labor Code §§ 1194, 226, 226.7, 512, 2802 and 2699 putative class action on behalf of approximately 398 adjunct instructors);
- **Moss et al. v. USF Reddaway, Inc.,** Case No. 5:15-cv-01541 (C.D. Cal. July 25, 2018) (certifying HammondLaw and A&T as co-class counsel for $2,950,000 settlement of Labor Code §§ 1194, 226, 226.7, and 201-203 putative class action on behalf of approximately 538 truck drivers);
- **Beckman v. YMCA of Greater Long,** Case No. BC655840 (Cal. Sup. Ct. Los Angeles Cty. June 26, 2018) (Private Attorney General Act Settlement for $92,500 on behalf of approximately 101 employees);
- **Maldonado v. Heavy Weight Transport, Inc.,** Case No. 2:16-cv-08838 (C.D. Cal. December 11, 2017) (certifying HammondLaw and A&T as co-class counsel for $340,000 settlement of Labor Code §§ 1194, 226, 226.2, 226.7, 226, 201-203, and 2699 putative class action on behalf of approximately 160 truck drivers);

- *Hillman v. Kaplan*, Case No. 34-2017-00208078 (Cal. Sup. Ct. Sacramento Cty. December 7, 2017) (certifying HammondLaw as class counsel for $1,500,000 settlement of Labor Code §§ 1194, 226, 226.7, 201-203 and 2802 putative class action on behalf of approximately 500 instructors);
- *Bender et al. v. Mr. Copy, Inc.*, Case No. 30-2015-00824068-CU-OE-CXC (Cal. Sup. Ct. Orange Cty. October 13, 2017) (certifying HammondLaw and A&T as co-class counsel for $695,000 settlement of Labor Code §2802 putative class action on behalf of approximately 250 outside sales representatives);
- *Rios v. SoCal Office Technologies*, Case No. CIVDS1703071 (Cal. Sup. Ct. San Bernardino Cty. September, 6 2017) (certifying HammondLaw and A&T as co-class counsel for $495,000 settlement of Labor Code §2802 putative class action on behalf of approximately 180 outside sales representatives);
- *Russell v. Young's Commercial Transfer, Inc.*, Case No. PCU265656 (Cal. Sup. Ct. Tulare Cty. June 19, 2017) (certifying HammondLaw and A&T as co-class counsel for $561,304 settlement of Labor Code §§ 1194, 226, 226.2, and 201-203 putative class action on behalf of approximately 962 truck drivers);
- *Keyes v. Valley Farm Transport, Inc.*, Case No. FCS046361 (Cal. Sup. Ct. Solano Cty. May 23, 2017) (certifying HammondLaw and A&T as co-class counsel for $497,000 settlement of Labor Code § 226, 1194, 512 and 2698 *et seq.* claims on behalf of approximately 316 truck drivers);
- *Numi v. Interstate Distributor Co.*, Case No. RG15778541 (Cal. Sup. Ct. Alameda Cty. March 6, 2017) (certifying HammondLaw and A&T as co-class counsel for $1,300,000 settlement of Labor Code §§ 1194, 226.2 and 2802 putative class action on behalf of approximately 1,000 truck drivers);
- *Keyes v. Vitek, Inc.*, Case No. 2016-00189609 (Cal. Sup. Ct. Sacramento Cty. February 17, 2017) ($102,000 settlement of Labor Code § 2698 *et seq.* representative action for violation of Labor Code § 226.8 on behalf of 90 truck drivers);
- *Martinez v. Estes West dba G.I. Trucking, Inc.*, Case. BC587052 (Cal. Sup. Ct. L.A. Cty., April 4, 2017) (certifying HammondLaw and A&T as co-class counsel for $425,000 Labor Code §§ 1194, 226, and 201-203 putative class action on behalf of approximately 156 truck drivers);
- *Sansinena v. Gazelle Transport Inc.*, Case No. S1500-CV- No 283400 (Cal. Sup. Ct. Kern Cty. December 8, 2016) (certifying HammondLaw and A&T as co-class counsel for $264,966 settlement of Labor Code §§ 1194, 226, and 201-203 putative class action on behalf of approximately 314 truck drivers);
- *Cruz v. Blackbelt Enterprises, Inc.,* Case No. 39-2015-00327914-CU-OE-STK (Cal. Sup. Ct. San Joaquin Cty. September 22, 2016) (certifying HammondLaw and A&T as co-class counsel for $250,000 settlement of Labor Code §§ 1194, 226, and 201-203 putative class action on behalf of approximately 79 truck drivers);
- *Araiza et al. v. The Scotts Company, L.L.C.*, Case No. BC570350 (Cal. Sup. Ct. L.A. Cty. September 19, 2016) (certifying HammondLaw and A&T as

co-class counsel for $925,000 settlement of Labor Code §226, 510, 512 and 2802 putative class action on behalf of approximately 570 merchandisers; Labor Code 226(a) class action on behalf of approximately 120 other salaried employees);

- *Dixon v. Hearst Television, Inc.*, Case No. 15CV000127 (Cal. Sup. Ct. Monterey Cty. September 15, 2016) (certifying HammondLaw as class counsel for a $432,000 settlement of Labor Code § 2802 putative class action on behalf of approximately 55 outside sales representatives);
- *Garcia et al. v. Zoom Imaging Solutions, Inc*. SCV0035770 (Cal. Sup. Ct. Placer Cty. September 8, 2016) (certifying HammondLaw and A&T as co-class counsel for $750,000 settlement of Labor Code § 510, 512, 1194 and 2802 putative class action on behalf of approximately 160 sales representatives and service technicians);
- *O'Beirne et al. v. Copier Source, Inc. dba Image Source*, Case No. 30-2015-00801066-CU-OE-CXC (Cal. Sup. Ct. Orange Cty. September 8, 2016) (certifying HammondLaw and A&T as co-class counsel for $393,300 settlement of Labor Code §2802 putative class action on behalf of approximately 132 outside sales representatives);
- *Mead v. Pan-Pacific Petroleum Company, Inc.,* Case No. BC555887 (Cal. Sup. Ct. L.A. Cty. August 30, 2016) (certifying HammondLaw and A&T as co-class counsel for $450,000 settlement of Labor Code §§ 1194, 226, and 201-203 putative class action on behalf of approximately 172 truck drivers);
- *Lange v. Ricoh Americas Corporation*, Case No. RG136812710 (Cal. Sup. Ct. Alameda Cty. August 5, 2016) (certifying HammondLaw as co-class counsel for $1,887,060 settlement on behalf of approximately 550 sales representatives);
- *Alcazar v. US Foods, Inc. dba US Foodservice*, Case No. BC567664 (Cal. Sup. Ct. L.A. Cty. March 18, 2016) (certifying HammondLaw and A&T as co-class counsel for a $475,000 settlement on behalf of approximately 634 truck drivers);
- *Harris v. Toyota Logistics*, Case No. C 15-00217 (Cal. Sup. Ct. Contra Costa Cty. February 9, 2016) (certifying HammondLaw and A&T as co-class counsel for $550,000 settlement reached on behalf of approximately truck 125 drivers);
- *Albanez v. Premium Retail Services Inc*., Case No. RG1577982 (Cal. Sup. Ct. Alameda Cty. January 29, 2016) (Private Attorney General Act Settlement for $275,000 on behalf of approximately 38 employees);
- *Garcia et al v. Sysco Los Angeles, et al.,* Case No. BC560274 (Cal. Sup. Ct. L.A. Cty. November 12, 2015) (certifying HammondLaw and A&T as co-class counsel for a $325,000 settlement on behalf of approximately 500 truck drivers);
- *Cooper et al. v. Savage Services Corporation, Inc.*, Case No. BC578990 (Cal. Sup. Ct. L.A. Cty. October 19, 2015) (certifying HammondLaw and A&T as co-class counsel for $295,000 settlement on behalf of approximately 115 truck drivers);

- ***Gallardo et al. v. Canon Solutions America, Inc.***, Case No. CIVDSS1500375 (Cal. Sup. Ct. San Bernardino Cty. August 5, 2015) (certifying HammondLaw and A&T as co-class counsel for $750,000 settlement on behalf for approximately 320 outside sales representatives);
- ***Glover v. 20/20 Companies, Inc.,*** Case No. RG14748879 (Cal. Sup. Ct. Alameda Cty. August 3, 2015) (Private Attorney General Act Settlement for $475,000 on behalf of approximately 273 independent contractors);
- ***Mayton et al v. Konica Minolta Business Solutions USA, Inc***., Case No. RG12657116 (Cal. Sup. Ct. Alameda Cty. June 19, 2015) (certifying HammondLaw as co-class counsel for $1,225,000 settlement on behalf for approximately 620 outside sales representatives);
- ***Garza, et al. v. Regal Wine Company, Inc. & Regal III, LLC***, Case No. RG12657199 (Cal. Sup. Ct. Alameda Cty. February 21, 2014) (certifying HammondLaw as class counsel for $1.7 million settlement on behalf of approximately 317 employees);
- ***Moy, et al. v. Young's Market Co., Inc.,*** Case No. 30-2011-00467109-CU-OE-CXC (Cal. Sup. Ct. Orange Cty. November 8, 2013) (certifying HammondLaw as co-class counsel for $2.3 million settlement on behalf of approximately 575 sales representatives);
- ***Gagner v. Southern Wine & Spirits of America***, *Inc*., Case No. 3:10-cv-10-04405 JSW (N.D. Cal. December 11, 2012) (certifying HammondLaw as co-class counsel for $3.5 million settlement reached on behalf of approximately 870 sales representatives);
- ***Downs, et al. v. US Foods, Inc. dba US Foodservice***, Case No. 3:10-cv-02163 EMC (N.D. Cal. September 12, 2012) (certifying HammondLaw as co-class counsel for $3 million settlement reached on behalf of approximately 950 truck drivers);

**Settled California Consumer Cases**

- ***Siciliano et al. v. Apple,*** Case No. 1-13-cv-257676 (Cal. Sup. Ct. Santa Clara Cty. November 2, 2018) (approving $16,500,000 settlement of Cal. Bus. Prof. Code §§ 17603, 17200, and 17535 claims on behalf of 3.9 million California subscribers to Apple InApp subscriptions);
- ***In re Ashley Madison Customer Data Security Breach Litigation***, Case No. 4:15-cv- 02669 JAR (E.D. Mis. November 20, 2017) (HammondLaw appointed to the executive committee in $11.2 million settlement on behalf of 39 million subscribers to ashleymadison.com whose information was compromised in the Ashley Madison data breach);
- ***Gargir v. SeaWorld Inc***., Case No. 37-2015-00008175-CU-MC-CTL (Cal. Sup. Ct. San Diego Cty. October 21, 2016) (certifying HammondLaw and Berman DeValerio as co-class counsel in $500,000 settlement of Cal. Bus. Prof. Code §§ 17603, 17200, and 17535 claims class action on behalf of 88,000 subscribers to SeaWorld's annual park passes);

- ***Davis v. Birchbox, Inc***., Case No. 3:15-cv-00498-BEN-BGS (S.D. Cal. October 14, 2016) (certifying HammondLaw and Berman DeValerio as co-class counsel in $1,572,000 settlement of Cal. Bus. Prof. Code §§ 17603, 17200, and 17535 claims on behalf of 149,000 subscribers to Birchbox's memberships);
- ***Goldman v. LifeLock, Inc***. Case No. 1-15-cv-276235 (Cal. Sup. Ct. Santa Clara Cty. February 5, 2016) (certifying HammondLaw and Berman DeValerio as co-class counsel in $2,500,000 settlement of Cal. Bus. Prof. Code §§ 17603, 17200, and 17535 claims on behalf of 300,000 California subscribers to Lifelock's identity protection programs); and
- ***Kruger v. Kiwi Crate, Inc***. Case No. 1-13-cv-254550 (Cal. Sup. Ct. Santa Clara Cty. July 2, 2015) (certifying HammondLaw as class counsel in $108,000 settlement of Cal. Bus. Prof. Code §§ 17603, 17200, and 17535 claims on behalf of 5,400 California subscribers to Kiwi Crate's subscriptions).