JULIAN HAMMOND (SBN 268489)
jhammond@hammondlawpc.com
POLINA BRANDLER (SBN 269086)
pbrandler@hammondlawpc.com
ARI CHERNIAK (SBN 290071)
acherniak@hammondlawpc.com
HAMMONDLAW, P.C.
1829 Reisterstown Rd. Suite 410
Baltimore, MD 21208
Tel: (310) 601-6766
Fax: (310) 295-2385

Attorneys for Plaintiff and Putative Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LA TOIYA MORRISON, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

AMERICAN NATIONAL RED CROSS, a Congressional Charter Corporation,

Defendant.

Case No.: 4:19-cv-2855-HSG

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; APPROVAL OF PAGA SETTLEMENT AND FOR JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

DATE: January 7, 2021
TIME: 2:00 p.m.
LOCATION: Courtroom 2 – 4th Floor

NOTICE IS HEREBY GIVEN that, on January 7, 2021, at 2:00 p.m., or as soon thereafter as the matter may be heard, in the United States District Court for the Northern District of California before the Honorable Haywood S. Gilliam, Jr., pursuant to Fed. R. Civ. P. 23(e), Plaintiff La Toiya Morrison will and hereby does move this Court for entry of the proposed Order filed herewith by:

1. Finally certifying the Class, as defined in the parties' Settlement Agreement;

2. Appointing Plaintiff as the Class Representative and HammondLaw, P.C. as Class Counsel;

3. Finding that notice of the settlement was properly provided to the Class in accordance with the Court's Preliminary Approval Order; and

4. Finally approving the class settlement as fair, adequate, and reasonable, based upon the terms set forth in the Settlement Agreement, and ordering the parties and the Settlement Administrator to carry out the terms of the Settlement Agreement; and

5. Approving the PAGA settlement.

This motion is based upon this Notice of Motion and Motion; the Memorandum of Points and Authorities in Support thereof; the Declaration of Julian Hammond In Support of the Motion; Declaration of the Settlement Administrator Regarding Notice Administration; the proposed Order; and upon such other documentary and oral evidence or argument as may be presented to the Court at the hearing for this motion.

DATED: December 4, 2020

Respectfully submitted,

HAMMONDLAW, P.C.

By: ______________________

JULIAN HAMMOND
*Attorneys for Plaintiff*

## TABLE OF CONTENTS

I. INTRODUCTION ..... 1

II. BACKGROUND ..... 1

III. NOTICE TO THE CLASS ..... 3

IV. THE COURT SHOULD FINALLY APPROVE THE CLASS SETTLEMENT ..... 3

- A. The Class Settlement Satisfies the Requirements of Fed. R. Civ. P. 23 ..... 3
- B. The Class Settlement is Fair, Reasonable and Adequate ..... 4
- C. Strengths of Plaintiff's Case and Risks of Litigation ..... 4
- D. Amount Offered in Settlement ..... 5
- E. The Extent of Discovery Completed and the Stage of Proceedings ..... 5
- F. Experience and Views of Counsel ..... 6
- G. Class Members Overwhelmingly Endorse the Settlement ..... 6

V. PAGA SETTLEMENT IS FAIR AND REASONABLE ..... 7

VI. UNCASHED CHECKS ..... 8

VII. CONCLUSION ..... 9

# TABLE OF AUTHORITIES

**Cases**


*Anslow v. Wellington Energy, Inc.,*
No. CV 11-1596 JCS (N.D. Cal. 2012) .......... 9

*Arias v. Superior Court*,
46 Cal. 4th 969 (2009) .......... 7

*Barnard v. CorePower Yoga LLC,*
2018 U.S. Dist. LEXIS 28063 .......... 5, 7

*Barnes v. The Equinox Group*,
No. CV 10-3586 LB (N.D. Cal. 2013) .......... 9

*Baumann v. Chase inv. Servs. Corp.*,
747 F.3d 1117 (9th Cir. 2014) .......... 7

*Class Plaintiffs v. City of Seattle*,
955 F.2d 1268, 1291 (9th Cir. 1992) .......... 6

*Ellis v. Naval Air Rework Facility,*
87 F.R.D. 15, 18 (N.D. Cal. 1980) .......... 6

*Haralson v. U.S. Aviation Servs. Corp.*,
383 F. Supp. 3d 959 (N.D. Cal. 2019) .......... 7

*Harris v. Vector Marketing Corporation*,
2012 U.S. Dist. LEXIS 13797 .......... 9

*In re Heritage Bond Litig.,*
No. 02-ML-1475 DT, 2005 WL 1594403 (C.D. Cal. June 10, 2005) .......... 4

*In re Omnivision Techs., Inc.*,
559 F. Supp. 2d 1036 (N.D. Cal. 2008) .......... 3

*In re Toys "R" Us-Delaware, Inc. -- Fair & Accurate Credit Transactions Act (FACTA) Litig.*,
295 F.R.D. 438 (C.D. Cal. 2014) .......... 3

*Isby v. Bayh,*
75 F.3d 1191, 1200 (7th Cir.1996) .......... 6

*Lewis v. Starbucks Corp.*,
No. 2:07-cv-00490-MCE-DAD, 2008 WL 4196690, at *6 (E.D. Cal. Sept. 11, 2008) .......... 6

*O'Connor v. Uber Techs.*, Inc.,
201 F. Supp. 3d 1110 (N.D. Cal. Aug. 18, 2016) .......... 5, 8

*Ortiz v. Genco, Inc.*,
No. 4:16-CV-04601-YGR, 2019 WL 1780577 (N.D. Cal. 2019) .......... 7

*Patel v. Axesstel Inc.*,
No. 3:14-cv-1037-CAB-BGS, 2015 U.S. Dist. LEXIS 146949 (S.D. Cal. Oct 23, 2015) .......... 7

*Phillips Petroleum Co. v. Shutts*,

472 U.S. 797 (1985) ........ 3

*Rodriguez v. West Publ'g Corp.*, 563 F.3d 948 (9th Cir. 2009) ........ 4

*Staton v. Boeing Co.*, 327 F.3d 938 (9th Cir. 2003) ........ 4

## I. INTRODUCTION

Plaintiff La Toiya Morrison ("Plaintiff") seeks final approval of a $377,000 non-reversionary class and PAGA action settlement reached with The American National Red Cross ("Defendant" or "Red Cross") on behalf of a class comprising all Training Services instructors (formerly known as Preparedness and Health and Safety Services instructors) and/or Nurse Assistant Training instructors and who have taught courses to Red Cross clients in California between April 24, 2015 through July 27, 2020 ("Class Members" or "Instructors"). The Class (excluding opt outs) consists of 374 Instructors. Declaration of Cassandra Cita Regarding Notice and Settlement Administration ("Cita Decl."), filed herewith, at ¶ 13.

The Settlement results in a significant benefit on behalf of Class Members, without the need for Class Members to submit any claims, with an average recovery per Class Member of $589.45 and the highest recovery of $2,274. Cita Decl. at ¶ 13. In addition to the Gross Settlement Fund, Defendant will pay approximately $14,658 in employer-side payroll taxes. Cita Decl. at ¶ 1516

Following a comprehensive notice program, Class Members' response has been overwhelmingly positive with **not a single Class Member objecting to the Settlement** and only three Class Members opting out. Cita Decl. at ¶¶ 10-12. As a result, over 99% of the Class will participate in the Settlement.

Accordingly, Plaintiff, on behalf of herself and the Class, respectfully requests the Court to grant Final Approval of the Class Settlement and Approval of the PAGA Settlement.

## II. BACKGROUND

Red Cross is a non-profit corporation headquartered in Washington D.C. that offers humanitarian aid, disaster relief, and training programs throughout the United States. Dkt. 36-1 at p. 4. Red Cross employs Instructors to provide training to individuals interested in obtaining certificates in CPR, First Aid, and Nursing Assistance Programs. Id. In her Complaint, Plaintiff contends that Defendant required Class Members to use their personal cell phones to carry out their job duties but did not reimburse any portion of Class Members' cell phone expenses. Dkt. 39 at p. 5-6. Plaintiff also contends that Defendant failed to authorize and permit paid rest breaks, failed to provide Class Members off-duty meal breaks, and failed to pay premium pay for missed rest breaks and meal breaks. Dkt. 39 at p. 6-7. Finally, Plaintiff also contends that Defendant required Class Members to perform uncompensated off-the-clock work. Dkt. 39 at p. 7. As a consequence, Plaintiff contends that Defendant

failed to issue accurate itemized wage statements and failed to pay all wages due upon discharge. Id.

Defendant removed the case on May 23, 2019. Dkt. 1. After Defendant removed the case, the parties agreed to mediate. In anticipation of the mediation, the parties agreed to exchange documents and information necessary to conduct informed negotiations and engaged in substantial informal discovery. Defendant produced highly relevant class data including: (a) hire dates and termination dates for each Class Member; (b) an excel spreadsheet containing the name of each course; start date and end date of each course; and the start time and end time of each class in each course, for 91% of the Class; (c) job descriptions; (b) expense reimbursement policies; (e) Instructor Handbooks; (f) Plaintiff's personnel file and wage statements; and other relevant documents. Id. Plaintiff also conducted online surveys of Class Members which provided reliable information regarding Class Members' job duties and assisted in analyzing the value of Class claims. Dkt. 36, p. 10.

After Plaintiff's counsel analyzed the class schedules and policy documents produced by Red Cross, and after further discussions with Plaintiff and Class Members, Plaintiff valued her potential class claims for unreimbursed expense claims alleged in her complaint. Plaintiff also valued her subsequently alleged claim for unpaid premium pay, unpaid wages, failure to issue accurate itemized wage statements and maintain payroll records and waiting time penalties as well as PAGA claims based on the information produced by Defendant. Id.

On January 27, 2020, the parties participated in a full-day mediation, assisted by a highly skilled and experienced mediator Lisa Klerman, who specializes in employment law. Id. at p. 11. Prior to the mediation, Plaintiff drafted a detailed mediation brief, supported by the evidence produced in informal discovery and Plaintiff's independent research and investigation. Id. After intensive arm's-length negotiations, the parties agreed to the settlement terms fully set out in the Settlement Agreement. Id.

On June 2, 2020, Plaintiff filed a motion for preliminary approval of the Class Action Settlement. Dkt. 36. On July 27, 2020 the Court preliminarily approved the Class Action Settlement, provisionally certified the Class, appointed HammondLaw as Class Counsel, and Simpluris as Settlement Administrator, and approved dissemination of the Notice to the Class. Dkt. 44.

Nothing has occurred since the Preliminary Approval Order that calls the Court's preliminary findings into question. Indeed, all developments since that date confirm that the class settlement should

receive final approval and the PAGA settlement should also receive approval.

## III. NOTICE TO THE CLASS

Rule 23(c)(2)(B) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P. ") provides that "[f]or any class certified under Rule 23(b)(3) , the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Adequate notice and an opportunity for class members to opt-out are critical to court approval of a class settlement under Rule 23(e). *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 814 (1985). To protect the rights of absent Class Members, the Class must be provided with the best notice practicable of the potential settlement. *Id.* at 811-12.

In accordance with the Preliminary Approval Order, on September 15, 2020, Notice was mailed to the 377 Class Members identified on the Class list provided by Defendant on. Cita Decl., ¶ 6. Of the 377 Notices, 25 were returned as undeliverable on the first mailing. Cita Decl. ¶ 9. The Settlement Administrator performed a skip trace and re-mailed all 25 notices to the updated addresses. Id. Ultimately, only four out of the 377 Notices remained undeliverable. Id.

The deadline to opt-out or object to the Settlement was November 13, 2020. Id. ¶ 10. **Not a single Class Member objected to the Settlement** and only three Class Members opted out. Id. ¶ 10-12. The absence of any opts outs and objections "indicates that the class generally approves of the settlement." *In re Toys "R" Us-Delaware, Inc. -- Fair & Accurate Credit Transactions Act (FACTA) Litig.*, 295 F.R.D. 438, 456 (C.D. Cal. 2014) (citing cases); see also *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008) ("It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members.").

The deadline to dispute the weeks worked included on the Notice, and which formed the basis for the calculation of the settlement shares, was also November 13, 2020. Cita Decl., ¶ 11. No disputes were received by that deadline. Id.

## IV. THE COURT SHOULD FINALLY APPROVE THE CLASS SETTLEMENT

### A. The Class Settlement Satisfies the Requirements of Fed. R. Civ. P. 23

The requirements of Fed. R. Civ. P. 23 certification, and the reasons for which plaintiff satisfies

those requirements, were set forth in detail in Plaintiff's Motion for Preliminary Approval. Dkt. 36, p. 5-9. In its Preliminary Approval Order, the Court found that Plaintiff's proposed Class is appropriate for provisional certification under Rules 23(a) and 23(b)(3) . Dkt. 44, p. 6-10.

**B. <u>The Class Settlement is Fair, Reasonable and Adequate</u>**

Pursuant to Fed. R. Civ. P. 23, "[t]he claims . . . of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval and notice of the proposed dismissal, settlement or compromise shall be given as the Court directs." Fed. R. Civ. P. 23(e)(1). The court may then finally approve a settlement "only after a hearing and on finding that the settlement . . . is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(1)(C).

Courts in the Ninth Circuit consider a number of factors to assess whether final approval of a settlement is warranted including: "the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of class members to the proposed settlement." *Staton v. Boeing Co*., 327 F.3d 938, 959 (9th Cir. 2003).

Importantly, a "presumption of correctness is said to attach to a class settlement reached in arm's-length negotiations between experienced capable counsel after meaningful discovery." *In re Heritage Bond Litig.,* No. 02-ML-1475 DT, 2005 WL 1594403, at *9 (C.D. Cal. June 10, 2005) (internal quotation and citations omitted); *Rodriguez v. West Publ'g Corp*., 563 F.3d 948, 965 (9th Cir. 2009) ("The [Ninth Circuit] put[s] a good deal of stock in the product of an arms-length, non- collusive, negotiated resolution."). This settlement was reached only after substantial discovery, and a mediation before a highly experienced mediator, and is therefore presumptively reasonable.

**C. <u>Strengths of Plaintiff's Case and Risks of Litigation</u>**

In its Preliminary Approval Order, the Court recognized "that Class Counsel obtained significant results for the prospective class members" and "assumed substantial risk in litigating this action on a contingency fee basis." Dkt. 44, p. 12. These risks included certifying the class and prevailing at trial, and are discussed at length in Plaintiff's Motion for Preliminary Approval (Dkt. 36, p. 17-23) and Plaintiff's Motion for Attorney's Fees and Costs (Dkt. 47, p. 8-11). Despite these significant hurdles to

recovery if litigation were to continue, Plaintiff and Class Counsel recovered $377,000 on behalf of the Class, an amount that the Class members would likely not have recovered independent of this action.

**D. <u>Amount Offered in Settlement</u>**

The Settlement results in a significant benefit on behalf of Class Members, without the need for Class Members to submit any claims. According to Plaintiff's realistic damages model, the settlement represents approximately 71% of the estimated damages to the Class. Dkt. 36, p. 25. The average recovery per Class Member is $589.45 and the highest recovery is $2,274. Cita Decl. at ¶ 14. This number compares favorably with settlements approved in unpaid wage cases including *Barnard v. CorePower Yoga LLC,* 2018 U.S. Dist. LEXIS 28063, *2 (approving Settlement that paid, on average $484.96 per class member). See also Dkt. 36, p. 24. Indeed, in its Preliminary Approval Order, the Court found that the "settlement amount, given these risks, weighs in favor of granting preliminary approval." Dkt. 44, p. 14.

The $37,700 allocated to PAGA penalties is also adequate and fair in light of the fact that Defendant has brought its expense reimbursement policy into compliance with the labor code and entered into a Settlement that will provide robust relief the Class. Dkt. 36, p. 24 (*O'Connor v. Uber Techs., Inc.,* 201 F. Supp. 3d 1110 (N.D. Cal. Aug. 18, 2016). The PAGA payment here also represents a higher percentage of the Gross Settlement (10%) than PAGA payments approved in other cases. Dkt. 36, p. 15. For these reasons, the Court should finally approve the PAGA Penalties allocation.

**E. <u>The Extent of Discovery Completed and the Stage of Proceedings</u>**

As detailed in Plaintiff's Motion for Preliminary Approval (Dkt. 36) extensive discovery was conducted before the parties attended mediation. Defendant produced highly relevant documents including: (a) hire dates and termination dates for each Class Member; (b) an excel spreadsheet containing the name of each course; start date and end date of each course; and the start time and end time of each class in each course, for 91% of the Class; (c) job descriptions; (b) expense reimbursement policies; (e) Instructor Handbooks; (f) Plaintiff's personnel file and wage statements; and other relevant documents. Dkt. 36, p. 10. Plaintiff also conducted online surveys of Class Members which provided reliable information regarding Class Members' job duties and assisted in analyzing the value of Class claims.

Prior to the mediation, Plaintiff drafted a detailed mediation brief, which included analysis of the

documents and information produced by Defendant, and was supported by the testimony provided by Class Members. Dkt. 36, p. 10. On January 27, 2020 the parties attended a mediation with Lisa Klerman, a well-known mediator who specializes in wage-and-hour and employment law cases. Dkt. 36, p. 11.

It was only after the Parties investigated and evaluated the strengths and weakness of the case, attended a full-day mediation, and engaged in hard-fought negotiations over, that the settlement was finalized. See *Lewis v. Starbucks Corp*., No. 2:07-cv-00490-MCE-DAD, 2008 WL 4196690, at *6 (E.D. Cal. Sept. 11, 2008) ("approval of a class action settlement is proper as long as discovery allowed the parties to form a clear view of the strengths and weaknesses of their cases").

**F. <u>Experience and Views of Counsel</u>**

The experience and views of counsel weighs in favor of approving the Settlement. Counsel for both parties have substantial experience in prosecuting, defending, and/or negotiating the settlement of employment wage-and-hour class action matters, and concur that the settlement is fair, and recommend approval of the proposed settlement as in the best interests of the Settlement Class. *Isby v. Bayh,* 75 F.3d 1191, 1200 (7th Cir.1996) (noting that a district court is "entitled to give consideration to the opinion of competent counsel that the settlement [is] fair, reasonable, and adequate"); *Ellis v. Naval Air Rework Facility,* 87 F.R.D. 15, 18 (N.D. Cal. 1980) ("[T]he fact that experienced counsel involved in the case approved the settlement after hard-fought negotiations is entitled to considerable weight.") *aff'd,* 661 F.2d 939 (9th Cir. 1981). As stated above, the monetary benefit the Settlement provides to Class Members is meaningful and significant, especially considering the uncertainties common to class action litigation such as the risk of non-certification and losing on the merits in trial. Thus, Class Counsel believe that the terms of the Settlement are fair, reasonable and adequate and in the Class' best interest.

**G. <u>Class Members Overwhelmingly Endorse the Settlement</u>**

The Court may appropriately infer that the class action settlement is fair, adequate and reasonable when, among other reasons, few class members object to it. *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1291 (9th Cir. 1992); *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998) ("[T]he fact that the overwhelming majority of the class willingly approved the offer and stayed in the class presents at least some objective positive commentary as to its fairness.").

Here, the reaction of the Settlement Class Members has been one of overwhelming approval – not a single Class Member objected to the settlement and only three Class Members requested to be excluded. Cita Decl. ¶¶ 10-12. The "absence of a single objection to the settlement is compelling evidence that the Proposed Settlement is fair, just, reasonable, and adequate." *Patel v. Axesstel Inc.*, No. 3:14-cv-1037-CAB-BGS, 2015 WL 6458073, at *6 (S.D. Cal. Oct 23, 2015); *Hanlon*, 150 F.3d at 1027 ("[T]he fact that the overwhelming majority of the class willingly approved the offer and stayed in the class presents at least some objective positive commentary as to its fairness."). The reaction of the Class provides a compelling basis for the Court to grant final approval of the Settlement.

## V. PAGA SETTLEMENT IS FAIR AND REASONABLE

California Labor Code section 2699(l)(2) provides that the court shall review and approve any settlement of any civil action filed pursuant to the PAGA. The California Supreme Court has held that an employee who sues an employer under the PAGA need not satisfy class action requirements. *Arias v. Superior Court*, 46 Cal. 4th 969, 974 (2009). For example, "PAGA has no notice requirement for unnamed aggrieved employees, nor may such employees opt out of the PAGA action." *Baumann v. Chase inv. Servs. Corp.*, 747 F.3d 1117, 1122 (9th Cir. 2014).

Plaintiff seeks the Court to approve the PAGA Settlement, including the PAGA Payment, distribution plan of the PAGA Payment, and the release of the PAGA Claims based on the terms set forth in the Settlement Agreement. Under the Settlement Agreement, $37,700 of the Gross Settlement Fund is allocated as PAGA penalties. Dkt. 36-2, pp. 9, 12. This allocation, 10% of the Gross Settlement Fund, is considerably more than the PAGA allocation approved by this Court in *Barnard v. CorePower Yoga LLC*, 2018 U.S. Dist. LEXIS 28063, *2 (finally approving $30,000 PAGA allocation representing 2% of the Gross Settlement); and other California District Courts. *see also Haralson v. U.S. Aviation Servs. Corp.*, 383 F. Supp. 3d 959, 972 (N.D. Cal. 2019) ("In this district, courts have raised concerns about settlements of less than 1% of the total value of a PAGA claim."); *compare also Ortiz v. Genco, Inc.*, No. 4:16-CV-04601-YGR, 2019 WL 1780577 at *5, *14 (N.D. Cal. 2019) (approving settlement with PAGA allocation equal to approximately 4.8% of the settlement fund).

Additionally, Plaintiff's allocation of $37,700 to PAGA Penalties is adequate because this settlement advances the objectives of PAGA in two ways: first, following the filing of this Action, in

June 2019, Defendant rolled out a communication policy concerning the various company-provided communication mechanisms to ensure that they are in line with Labor Code § 2802. Dkt. 36, p. 24. Second, the Settlement provides robust relief to the Class, with an average gross payment per Class Member of $589, and an average gross PAGA payment per PAGA Releasee of $54.48. Cita Decl. ¶ 14-15. These efforts and the compensation provided to the Class are what the courts consider in evaluating the adequacy of a PAGA settlement. *O'Connor v. Uber Techs*., Inc., 201 F. Supp. 3d 1110 (N.D. Cal. Aug. 18, 2016).

This proposed PAGA Settlement is therefore fair, reasonable, and adequate to all concerned, and not the product of fraud, collusion, or overreaching. The proposed PAGA Settlement is the product of informed negotiations. As described more fully above, prior to negotiating and reaching final agreement on the proposed settlement in this case, Plaintiff's counsel performed significant work to investigate, research, and analyze the claims, defenses, legal and factual issues, and potential recovery in this case, including pre- and post-filing investigation, legal research and analysis. Prior to entering into any settlement discussions, Plaintiff's counsel also carefully evaluated the PAGA Claims at issue in the Action. The settlement was the result of arm's length settlement negotiations facilitated by the well-known mediator.

Accordingly, based on the terms set forth in the Parties' Settlement Agreement, Plaintiff respectfully requests the Court approve the PAGA Settlement, including the PAGA Payment, distribution plan of the PAGA Payment, and the release of the PAGA Claims, and the dismissal of the PAGA Claims asserted in the Action with prejudice as to Plaintiff and all PAGA Releasees, and permanently enjoin all PAGA Releasees from pursuing or seeking to reopen the PAGA Claims against the Released Parties.

## VI. UNCASHED CHECKS

The Settlement Agreement provides that funds associated with any checks which are not timely negotiated will be paid to Bet Tzedek as the *cy pres* recipient. In its Preliminary Approval Order, the Court found that "Bet Tzedek shares the interests of the class members" and that "there is a sufficient nexus between the cy pres recipient and the Settlement Class." Dkt 44, p. 13.

Bet Tzedek is a non-profit legal services program that provides free legal services to low-income

residents of Southern California, the region where Plaintiff worked during the time period she was employed by the Red Cross including a program devoted to wage-and-hour litigation. Dkt. 36-1, p. 17. Bet Tzedek has been approved as *cy pres* recipient in other wage and hour settlements including *Harris v. Vector Marketing Corporation*, No. CV 08-5198 EMC (N.D. Cal. 2012); *Anslow v. Wellington Energy, Inc.,* No. CV 11-1596 JCS (N.D. Cal. 2012); and *Barnes v. The Equinox Group*, No. CV 10-3586 LB (N.D. Cal. 2013). Further, the Notice included that the "parties propose Bet Tzedek to be the cy pres beneficiary" and no Class Members objected. Cita Decl. ¶ 12 and **Exhibit A.** Therefore, the Court should finally approve the Bet Tzedek as the *cy pres.*

## VII. CONCLUSION

For the foregoing reasons, it is respectfully requested that the Court enter the proposed order submitted herewith finally approving the Class Settlement and approving the PAGA Settlement, including the allocations for administrative expenses and for PAGA civil penalties, and approve Bet Tzedek as the *cy pres* for uncashed checks.

DATED: December 4, 2020

Respectfully submitted,

HAMMONDLAW, P.C.

By: ______________________

JULIAN HAMMOND
*Attorneys for Plaintiff*